CITY OF ST. LOUIS v. IRA C. YOUNG, Appellant.

**Division One, February 28, 1913.**

1. **ORDINANCE: Judicial Notice.** Courts, either appellate or trial, do not take judicial notice of city ordinances. An appellant should abstract the provisions of the ordinances which he was convicted of violating and whose validity he challenges on appeal.

2. **ABSTRACT:** Commingling Record and Exceptions. An abstract which commingles in an undistinguishable mass matter of exception with record proper is insufficient, and the judgment will be affirmed. And the point may be raised by the court *sua sponte*, although respondent fails to raise it.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Benjamin J. Klene,* Judge.

AFFIRMED.

*Zachritz & Zachritz* for appellant.

, *William E. Baird* and *Robert Burkham* for respondent.

LAMM, J.—Defendant (claiming the ordinance was invalid on many grounds) was convicted in the police court of St. Louis for violating certain sections of ordinance 22998 of that city, regulating hospitals, lying-in establishments, lock-hospitals, etc. [Woerner's Revised Code of St. Louis 1907, p. 1142.] He appealed to the Court of Criminal Correction, where, again convicted, he was fined $100 and costs. Appealing to this court, and raising a group of grave and interesting questions, he, preparatory to a hearing, filed a printed abstract of the record, as in duty bound to do under our rules. His abstract shows that plaintiff city put in evidence the ordinance on which the prosecution is based, but is silent on every jot and tittle of its terms and provisions. Why? Do appellate courts take judicial notice of town ordinances? They do not (Cox v. St. Louis, 11 Mo. *431), neither do trial courts (St. Louis v. Henning, 235 Mo. l. c. 52.).

We are told that Sir John Falstaff in a blazing encounter of wit with Prince Henry speaks of "old father antic the law." [King Henry IV, Pt. I, Act I, Sc. 2.] Whether the alleged reporter of his alleged

Ordinances.    waggery and wisdom (who had indeed "a mighty trick of saying things") got his .cue anent *father antic* from the fact that every man is presumed to know the law (except, possibly, the judge who expounds it), and from the other fact that every inhabitant of a town is presumed to know its ordinances (Boonville ex rel. v. Stephens, 238 Mo. l. c. 357) except the judge who tries an offender for breaching them, will never be known—but the possibility is attractive even to a sober judicial mind. "Whatever of incongruity" (says BROWN, C., in St. Louis v. Henning, 235 Mo. l. c. 51-2) "there may be in a rule which creates a conclusive presumption that the wandering vagrant who sojourns for a day in St. Louis knows more of its local laws than the court which, by its. judgment, affords him rest and refreshment in the city prison, has become unimportant in view of a uniform line of decisions of this court."

Accordingly appellant should have abstracted those provisions of the ordinance he challenges. Respondent prints an additional abstract silent on the ordinance. In respondent's statement of the case, however, the ordinance is printed in full, and if there was nothing else the matter with appellant's abstract we might piece it out (*ex gratia*) with the ordinance respondent has brought here as part of its statement.

But there is something else the matter. The abstract is constructed on a plan steadily condemned by this court as so inherently bad as to be fatally de-

Abstract.    ·fective, viz., it commingles in an undistinguishable mass matter of exception with record proper and matter contained in record entries, without any earmark to guide us in telling where one begins or the other leaves off. In that fix we cannot

know what is in the bill of exceptions. The rule is that since matters of exception must be in the bill of exceptions, the abstract of the bill should show that matters of exception are in the bill. There is only one reference in the abstract to a bill of exceptions and that (at its very close) relates to the filing of one within the leave granted. New rule 31 does not help appellant.

The judgment below being presumptively correct and finding it responsive to the pleadings, it is affirmed under the authority of many cases. We cite some as samples. From these discern all: Reno v. Fitz Jarrell, 163 Mo. l. c. 413; State v. Baty, 166 Mo. 561; Clay v. Publishing Company, 200 Mo. l. c. 672-3; Stark v. Zehnder, 204 Mo. l. c. 448-9; Gilchrist v. Bryant, 213 Mo. l. c. 443; Harding v. Bedoll, 202 Mo. 625; Kolokas v. Railroad, 223 Mo. 455; Wallace v. Libby, 231 Mo. 341; Keaton v. Weber, 233 Mo. l. c. 694.

While the point is not raised by counsel yet that is immaterial. This court may raise it *sua sponte.* [Hutson v. Allen, 236 Mo. 645.]

Let the judgment be affirmed. It is so ordered. All concur.