**STATE of Missouri, Respondent,**

v.

**Rodney D. FURNE, Appellant.**

**No. 63792.**

Supreme Court of Missouri,
En Banc.

Dec. 3, 1982.

Peter M. Schloss, Asst. Public Defender, Liberty, for appellant.

John Ashcroft, Atty. Gen., John Jacobs, Asst. Atty. Gen., Jefferson City, for respondent.

WELLIVER, Judge.

Appellant appeals his conviction under § 575.150, RSMo 1978,[1] of the class D felony of resisting arrest. This Court has jurisdiction because appellant challenges the constitutionality of that statute. Mo. Const. art. V, § 3. It is unnecessary to decide the constitutional question, but "jurisdiction once acquired is not lost because the appeal may be disposed of on other grounds." *Hardware Mutual Casualty Co.*

*v. Bearden,* 528 S.W.2d 754, 756 (Mo. banc 1975), *appeal dismissed and cert. denied,* 424 U.S. 960, 96 S.Ct. 1451, 47 L.Ed.2d 727 (1976). We reverse.

At approximately 11:50 p.m. on October 16, 1981, police officers Michael Compton and Charles Loar responded to a reported disturbance at the Hillcrest Mobile Home Park in Liberty. Officer Compton arrived first and found appellant rummaging through a white Ford Pinto. When Officer Loar arrived, Officer Compton approached appellant and asked him what he was doing. Appellant responded with a vulgar remark. The officers, who were in uniform, attempted to question appellant further, but he began to curse them loudly and shout obscenities. A crowd gathered. The officers informed appellant that he was under arrest, and at that point appellant attempted to push past and wrestle with them. Appellant's unbecoming and obstinate behavior continued throughout the ride to and into the county jail.

The information upon which appellant was tried charged that appellant

> committed the Class D felony of resisting arrest ... in that on or about October 16, 1981, ... Officer C.D. Loar was making an arrest of defendant for *disorderly conduct,* and the defendant, knowing that the officer was making an arrest and for the purpose of preventing the officer from effecting the arrest, resisted the arrest of defendant by using or threatening to use violence or physical force.

(Emphasis added.) Appellant now contends that the evidence the state elicited at trial is insufficient to sustain a conviction for the offense charged. We agree.

1. The statute provides:

> *575.150. Resisting or interfering with arrest.*—1. A person commits the crime of resisting or interfering with arrest if, knowing that a law enforcement officer is making an arrest, for the purpose of preventing the officer from effecting the arrest, he:
>
> (1) Resists the arrest of himself by using or threatening the use of violence or physical force or by fleeing from such officer; or
>
> (2) Interferes with the arrest of another person by using or threatening the use of violence, physical force or physical interference.

2. This section applies to arrests with or without warrants and to arrests for any crime or ordinance violation.

3. It is no defense to a prosecution under subsection 1 of this section that the law enforcement officer was acting unlawfully in making the arrest. However, nothing in this section shall be construed to bar civil suits for unlawful arrest.

4. Resisting, by means other than flight, or interfering with an arrest for a felony is a class D felony; otherwise, resisting or interfering with arrest is a class A misdemeanor. All statutory references are to RSMo 1978.

Under the statute, the crime of resisting arrest is either a felony or a misdemeanor. Except when the resistance is by flight, the degree of that offense is linked to the degree of the underlying offense for which the arrest is made. Section 575.150(4) provides that "[r]esisting, by means other than flight, or interfering with an arrest for a felony is a class D felony; otherwise, resisting or interfering with arrest is a class A misdemeanor." The statutory language makes it plain that resisting arrest is a felony offense only if the underlying offense is a felony and the resistance is accomplished by a means other than flight.[2] The state argues that the language "for a felony" in the first clause of that subsection relates only to "interfering" and not to "resisting," but that argument is unpersuasive because the language "for a felony" modifies "arrest" and not the action, "resisting" or "interfering," taken with regard to it.

The conviction of appellant for a class D felony of resisting arrest was improper. Officer Compton testified that appellant was arrested for peace disturbance. Officer Loar testified, and the information alleged, that appellant was arrested for disorderly conduct. The former is a misdemeanor under state statute, *see* § 574.010, and the latter apparently is a violation of a local ordinance. Neither, however, constitutes a felony, and the offense of resisting arrest therefore could not be a felony.

■ There was also a failure of proof that the offense could be a misdemeanor. Subsection (2) of the statute provides that the section applies to "arrests for any crime or ordinance violation." § 575.150(2). Had the information charged that appellant resisted arrest for peace disturbance, the trial court could have taken, and this Court could take, judicial notice that peace disturbance constitutes an offense under state statute. *City of St. Joseph v. Roller,* 363 S.W.2d 609, 611 (Mo.1963). Direct proof of that fact thus would have been unnecessary. *Newson v. City of Kansas City,* 606 S.W.2d 487, 490 (Mo.App.1980). The information, however, charged that appellant resisted arrest for disorderly conduct. That is not an offense punishable under state statute and can at most be a violation of a local ordinance. Ordinances cannot be judicially noticed, *Roller,* 363 S.W.2d at 611; *City of St. Louis v. Young,* 248 Mo. 346, 346, 154 S.W. 87, 87 (1913),[3] and the record is devoid of any other proof that disorderly conduct is illegal. Absent proof of the existence and content of the ordinance defining the offense for which appellant was charged with resisting arrest, the conviction cannot stand.[4] The state proved the fact of resistance, but it failed to prove that, under

2. The Notes on Use to MAI–CR2d 29.60, "Resisting or Interfering With Arrest," support this interpretation. Note 4 provides in relevant part that "[r]esisting one's own arrest by fleeing from an arresting law enforcement officer is a class A misdemeanor, whether the arrest is for a misdemeanor or felony," and that "[r]esisting one's own arrest for a felony, by means other than flight, is a class D felony." MAI–CR2d 29.60 note 4.

3. In *Young* Judge Lamm offered the following commentary on the rule:

Do appellate courts take judicial notice of town ordinances? They do not ..., neither do trial courts ....

We are told that Sir John Falstaff in a blazing encounter of wit with Prince Henry speaks of "old father antic the law." ... Whether the alleged reporter of his alleged waggery and wisdom (who had indeed "a mighty trick of saying things") got his cue anent *father antic* from the fact that every man is presumed to know the law (except,

possibly, the judge who expounds it), and from the other fact that every inhabitant of a town is presumed to know its ordinances ... except the judge who tries an offender for breaching them, will never be known—but the possibility is attractive even to a sober judicial mind. "Whatever of incongruity ... there may be in a rule which creates a conclusive presumption that the wandering vagrant who sojourns for a day in [a city] knows more of its local laws than the court which, by its judgment, affords him rest and refreshment in the city prison, has become unimportant in view of a uniform line of decisions of this court."

248 Mo. at 346–47, 154 S.W. at 87.

4. We do not intend our discussion to suggest that the conviction necessarily would be affirmed if the state had proven the existence and content of the ordinance or if the information had charged that appellant resisted arrest for conduct that the Court could judicially notice is proscribed by statute. In either situation the

§ 575.150(2), the arrest was "for any crime or ordinance violation." *Compare City of Riverside v. Weddle,* 544 S.W.2d 328, 330 (Mo.App.1976).

"Since ... the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, the only 'just' remedy available for that court is the direction of a judgment of acquittal." *Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2151, 57 L.Ed.2d 1 (1978). "[T]he purposes of the Clause would be negated were we to afford the [state] an opportunity for the proverbial 'second bite at the apple.'" *Id.* at 17, 98 S.Ct. at 2150.

The judgment is reversed.

DONNELLY, C.J., RENDLEN, SEILER, HIGGINS and GUNN, JJ., and DOWD, Special Judge, concur.

BILLINGS, J., not sitting, because not a member of the Court when cause submitted.

facts of this case would raise the issue of the sufficiency of the information, which charged a felony for resisting arrest for an offense that could not be a felony. Our holding, however, makes consideration of that issue unnecessary.