**CITY OF INDEPENDENCE,**
**Missouri, Respondent,**

v.

**Douglas ELDER, Appellant.**

**No. WD 33830.**

Missouri Court of Appeals,
Western District.

June 7, 1983.

L.R. Magee of Hines & Magee, Kansas City, for appellant.

Keith Wilson, Jr., City Counselor, Charles E. Sandage, Asst. City Counselor of Independence, Independence, for respondent.

Before SOMERVILLE, C.J., and TURNAGE and MANFORD, JJ.

MANFORD, Judge.

This is an appeal from a conviction for a misdemeanor violation, interfering with a police officer, in violation of a municipal ordinance. The judgment is affirmed.

Appellant presents two points, which in summary charge that the trial court erred in (1) denying his motion for acquittal because the evidence failed to prove beyond a reasonable doubt all elements of the ordinance violation for which he was charged, in that the City failed to prove there was a lawful arrest of appellant with which he could interfere; and (2) in admitting evidence, over objection, related to appellant's physical condition, because that evidence was outside the scope of the information in that the information was silent as to appellant's physical condition when he was arrested.

On October 3, 1981 at approximately 10:20 p.m., Officer Abraham of the Independence, Missouri Police Department stopped a motor vehicle being operated by Terry Lasley at the intersection of Noland Road and 23rd Street in Independence, Missouri. Lasley was charged with driving while intoxicated and having an expired vehicle license (state tags). Appellant was a passenger in Lasley's vehicle.

Without objection, Officer Abraham testified that appellant appeared intoxicated. This same officer was also asked, and without objection responded, as follows: "Q. Was he [appellant] in any condition to be left by himself, officer? A. Not in my opinion, he was not."

Another officer, Passiglia, who had arrived on the scene, took appellant into custody for safekeeping.[1] Officer Abraham was then asked what he observed at this point. In summary, the officer stated that he observed appellant and Officer Passiglia walking toward the "paddy wagon" and that he heard appellant say to Officer Passiglia, "Take your hands away from me." Appellant pulled away from Officer Passiglia and attempted to strike the officer. A struggle ensued and Officer Abraham went

1. Pursuant to § 67.315, RSMo 1978.

to assist Officer Passiglia. The struggle continued, during which appellant obtained Officer Passiglia's nightstick. Appellant tried to strike both officers with the nightstick before he was disarmed and subdued. Upon cross-examination, Officer Abraham testified again that appellant was intoxicated.

Officer Passiglia testified that he arrived at the scene, and that appellant was intoxicated. He informed appellant that he was going to be taken into custody for safekeeping. Passiglia stated further that as he was escorting appellant to the "paddy wagon" appellant swung his right arm toward the officer's head. The officer "blocked the punch", and appellant and Officer Passiglia "rolled to the ground". Passiglia further testified that appellant continued to be combative and was carried to the "paddy wagon". A third officer, Willoughby, testified that he arrived at the scene and observed appellant trying to pull away from and strike Officer Passiglia. Willoughby joined in and helped subdue appellant. Without objection, a fourth officer testified that appellant was intoxicated. After the introduction and admission of the applicable municipal ordinances, the city rested. Appellant's motion for acquittal was denied.

Appellant testified. On cross-examination, he admitted that he had been drinking, but denied being intoxicated. He admitted that he was aware the officers were acting in their official capacity as police officers. He further testified that he was ordered from Lasley's vehicle by Officer Abraham and that the officer got "cocky". Appellant stated that as he got out of the vehicle, Officer Abraham had his nightstick in his hand "slapping it in his other hand." Appellant testified that Officer Abraham made some comment about his "Harley shirt", and while standing there, the officer struck him in the ribs. Appellant claimed that he raised his hand to stop the blow; the officer became mad, and "went wild and came at [his] head with the baton." Appellant stated that he caught the baton and held onto it. The other officers were with Lasley. Appellant stated that Abraham jerked the baton and made it look like a fight, and then Officer Passiglia threw him to the ground. Appellant then stated that Abraham tried to strangle him with the baton; he raised his hand to stop it but did not fight with the officers. Appellant stated that after the officers subdued him, Abraham struck him and tried to kick him. He stated that these latter events occurred while he was on the ground, and that while on the ground he saw the mace coming. He was taken to the "paddy wagon" and did not try to run. Appellant stated that at no time at the scene was he ever told he was under arrest.

The evidence closed. Appellant's second motion for acquittal was denied. Appellant was found guilty and was assessed a penalty by the court. Appeal was lodged with the Circuit Court, 16th Judicial Circuit, which upheld the ruling of the Municipal Court of Independence, Missouri. The current appeal then followed.

Appellant's point (1) is found to be meritless and is ruled against him.

Appellant was charged pursuant to § 12.-04.003 of the ordinances of Independence, Missouri, which reads:

"SEC. 12.04.003. INTERFERENCE WITH THE POLICE DEPARTMENT.

A. No person shall knowingly and willfully obstruct, resist, or oppose any police officer, any member of the police department, or any person duly empowered with police authority, while in the discharge or apparent discharge of his duty, or in any way interfere with or hinder him in the discharge of his duty."

The record shows that Officer Passiglia was in the process of taking appellant into custody for safekeeping. The officer has such authority pursuant to § 67.315. The evidence further reveals that while Passiglia was taking appellant to the paddy wagon, appellant interfered with Officer Passiglia. This interference was in the nature of an altercation involving appellant, Passiglia, and two other officers.

Appellant argues that his arrest was unlawful because he was arrested for public intoxication which is prohibited by Missouri

law. He further contends that there is no evidence that he interfered with anything going on with the driver Lasley. Appellant quotes from the information filed herein:

"* * * that on or about the 3rd day of October, A.D. 1981, in the City of Independence, County of Jackson, State of Missouri, Douglas Elder did willfully, wrongfully, and unlawfully interfere with Officer Passiglia who was discharging his official Police duties, to-wit: by attempting to run away from Officer Passiglia *after being placed under arrest, by physically resisting handcuffing and being placed in the paddy wagon.* This occurred near 23rd and Noland at around 10:20 P.M. * * *" (emphasis added)

Appellant charges that this matter is disposed of by *State v. Furne,* 642 S.W.2d 614, 615 (Mo. banc 1982). His reliance upon *Furne* is misplaced, as that case is distinguishable. In *Furne,* appellant was charged with the *felony* of resisting arrest. The state Supreme Court pointed out the existence of conflict as to what constituted the underlying offense. The court noted that one officer testified that appellant was arrested for disturbing the peace. The court further noted that another officer testified that the information stated that appellant was arrested for disorderly conduct. After noting that the disturbance offense is a misdemeanor under state statute, and that disorderly conduct was apparently a violation of a local ordinance, the court, in *Furne* at 616, further declared: "Neither, however, constitutes a felony, and the offense of resisting arrest could not be a felony." In addition, unlike the instant case, Furne was charged with the felony of resisting arrest, and no ordinance was introduced into evidence. In the instant case, appellant was charged pursuant to a local ordinance with interfering with a police officer, and the evidence at trial supports a finding of a violation of that ordinance. In *Furne,* unlike the instant case, the conviction was held to be improper because the state proved "the fact of resistance, but it failed to prove that, under § 575.150(2), the arrest was 'for any crime or ordinance vio-

lation.'" *Furne* at 616–17. *Furne* neither applies nor controls.

■ Appellant's contention that his arrest was unlawful need not even be discussed. Assuming arguendo that the arrest was unlawful, there no longer exists the right to resist an unlawful arrest in Missouri. *State v. Thomas,* 625 S.W.2d 115 (Mo. 1981). See also *City of Hermann v. Huxol,* 637 S.W.2d 89, 91 (Mo.1981) where our state Supreme Court has ruled: "[A] finding of probable cause to arrest was not required since resisting arrest is a crime regardless of the unlawfulness of the arrest. Section 575.150 RSMo 1978."

■ This court cannot agree with appellant's contention that the city failed to prove all the elements of the ordinance violation, to wit, that there was a lawful arrest. The evidence upon this record does not support his contention. In addition, that challenge lacks merit under the rule announced in *Thomas* and *Huxol, supra.*

Point (1) is ruled against appellant.

Under his final point (2), appellant charges that the trial court erred in admitting evidence, over objection, related to his physical condition, because that evidence was outside the scope of the information—the information was silent as to appellant's physical condition when he was arrested.

■ The "physical condition" referred to in appellant's point (2) is his condition of intoxication. Appellant contends that since the information "was silent" concerning his physical condition when he was arrested, any evidence thereof was inadmissible as being outside the information. In addition, appellant contends that the city's evidence of his intoxication was based solely upon the conclusions of the officer witnesses.

Appellant's point (2) is meritless and fails for two reasons.

■ First, the record reveals that Officer Courter, who "booked" appellant, was asked and testified without objection as follows: "During the time you had contact with Mr. Elder did you observe his physical condition sir? (Answer:) Yes. (Question:) Describe

that please. (Answer:) He appeared to be intoxicated." No objection having been timely raised by appellant, the "rule of evidence not invoked is waived." *Goodman v. Allen Cab Co.,* 360 Mo. 1094, 232 S.W.2d 535, 539 (1950). It is also the rule that a party cannot complain "of the admission of testimony over his objection, where evidence of the same tenor has been admitted without his objection." *Baker v. Woodbury,* 492 S.W.2d 157, 159 (Mo.App.1973); *Marshall v. Bobbitt,* 482 S.W.2d 439 (Mo. 1972); *Wuerderman v. J.O. Lively Const. Co.,* 602 S.W.2d 215, 221 (Mo.App.1980); and *State v. Carey,* 599 S.W.2d 71, 72 (Mo. App.1980).

Secondly, the record reveals that, without objection, Officer Passiglia testified as to his observations of appellant. These observations included the detection of an odor of alcoholic beverages, and appellant's difficulty in standing and talking. During his own testimony, appellant was asked by his own counsel: "What was your physical condition? (Answer:) Normal. I had a few beers. (Question:) You had been drinking? (Answer:) I had a couple. That's about it."

■ What appellant is attempting to do on this appeal and under this alleged error, is to complain of the admission of evidence, a part of which he himself introduced. This is not permitted. *Alvey v. Sears, Roebuck & Co.,* 360 S.W.2d 231 (Mo.1962) and *Butler v. Crowe,* 540 S.W.2d 940, 944 (Mo.App. 1976). Additionally, appellant will not be heard to complain when he made no timely specific objection to the testimony as noted from the Courter testimony above. In addition to the testimony of Officer Passiglia relative to the odor of alcohol and appellant's difficulty with standing and talking, this officer was asked and responded: "(Question:) Did you form an opinion as to his sobriety sir? (Answer:) My opinion [was] he was intoxicated." At this point, after the officer's response, appellant's counsel interceded and stated, "Objection, that's unresponsive." The objection was not only untimely, but was general in nature.

There is no merit to appellant's point (2) and it is ruled against him.

Judgment affirmed.

All concur.