STATE of Missouri, Respondent,

v.

**John C. JOHNSON, Appellant.**

**John C. JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. WD 43176, WD 44811.**

Missouri Court of Appeals,
Western District.

May 5, 1992.

J. Gregory Mermelstein, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

ULRICH, Judge.

John C. Johnson was charged by a three-count information with the class D felony of resisting arrest, § 575.150; unlawful use of a weapon, § 571.030.1(4); and assault in the second degree § 565.060.[1] At the conclusion of the evidence, the court dismissed the charge of assault in the second degree. The jury found Mr. Johnson guilty of resisting arrest and unlawful use of a weapon. On March 13, 1990, Mr. Johnson was sentenced by the trial court to three years imprisonment for resisting arrest and to a consecutive five-year term of imprisonment for the unlawful use of a weapon conviction. Mr. Johnson was sentenced as both a "prior" and "dangerous offender," §§ 558.016 and 557.036.4. Mr. Johnson filed a Rule 29.15 motion for postconviction relief. Following an evidentiary hearing, Mr. Johnson's motion was denied.

Appellant challenges on appeal his convictions on both counts. Although Mr. Johnson also appealed the judgment denying his motion for postconviction relief, he abandons that appeal. The judgment of conviction for unlawful use of a weapon, § 571.030.1(4), and the resulting five-year term of imprisonment are affirmed. The conviction for felony resisting arrest, § 575.150, is reversed.

On October 2, 1989, three St. Joseph, Missouri, police officers responded to the Heartland Hospital West in St. Joseph. They had been informed by their dispatcher that John C. Johnson was in Room 317 Annex at the hospital and that there were "a couple of warrants" for his arrest. Officers Galen Streeter, John Duty, and Larry Wion, along with two hospital security guards, went to Room 317. The door was ajar and Officer Wion saw the appellant run into the bathroom. Officer Wion yelled for Mr. Johnson to halt and that he was under arrest. Officer Wion attempted to open the bathroom door, but it was being held shut from the inside. On the second try, the door opened and Officer Wion saw Mr. Johnson run out the door on the other side of the bathroom.

Mr. Johnson entered Room 319 and crouched behind a hospital bed occupied by a patient who was connected to intravenous tubes. When Officer Streeter told Mr. Johnson to "hold it right there," Mr. Johnson yelled to the officers to stay away from him. When Officers Streeter and Wion moved toward Mr. Johnson, Mr. Johnson pushed the bed forward, opened the blade of a lock-blade knife, held the knife up, and grabbed the patient's gown.

Officer Duty drew his revolver and ordered Mr. Johnson to drop the knife. Mr. Johnson replied, "Go ahead and shoot, I ain't got nothing to live for. Go ahead and shoot." Mr. Johnson lowered the knife but refused to drop it and maintained his hold on the patient's gown. Officer Streeter grabbed Mr. Johnson and Officer Wion was able to wrest the knife from Mr. Johnson's hand. A minor cut to Officer Wion's hand was the only injury experienced during the incident.

Mr. Johnson raises two points on appeal. His first point claims that the trial court erred in denying his motion to dismiss one of the two counts which, Mr. Johnson contends, violated the double jeopardy clause of the United States Constitution. Mr. Johnson claims that the conviction for the class D felony of unlawful use of a weapon supplied the essential element of threat of violence or physical force necessary to support his conviction for the class D felony of resisting arrest and that his conduct constituted but one offense for which the legislature did not intend multiple punishments. Because Mr. Johnson's second point on ap-

---

1. All statutory references are to RSMo 1986.

peal is dispositive, this first point is not addressed.

Mr. Johnson's second point on appeal claims that the state failed to prove that the arrest Mr. Johnson was resisting was for a felony violation, an essential element of the felony resisting arrest conviction. Section 575.150. Mr. Johnson claims that no evidence was presented at trial that he was being arrested for a felony. Therefore, Mr. Johnson contends, his felony conviction for resisting arrest is improper.

Section 575.150 provides in pertinent part:

1. A person commits the crime of resisting or interfering with arrest if, knowing that a law enforcement officer is making an arrest, for the purpose of preventing the officer from effecting the arrest, he:

(1) Resists the arrest of himself by using or threatening the use of violence or physical force or by fleeing from such officer ...

. . . .

4. Resisting, by means other than flight, or interfering with an arrest for a felony is a class D felony; otherwise, resisting or interfering with arrest is a class A misdemeanor.

"The statutory language [of § 575.150] makes it plain that resisting arrest is a felony offense *only if* the underlying offense is a felony *and* the resistance is accomplished by a means other than flight." *State v. Furne*, 642 S.W.2d 614, 616 (Mo. banc 1982) (emphasis added). The state acknowledges it presented no evidence that the arrest was for a felony and further acknowledges that, in light of *Furne*, Mr. Johnson's conviction of felony resisting arrest is improper. The state admits that the information failed to plead the offense for which Mr. Johnson was arrested is a felony, failed to prove it is a felony, and failed to obtain a jury verdict on this issue, all as required by *Furne*. *Id.* at 616–17. As the state points out, this issue was addressed in *State v. Burton*, 801 S.W.2d 380, 381 (Mo.App.1990). In the appeal *sub judice*, as in *Burton*, and as required by the doctrine of *stare decisis*, the ruling in *Furne* is followed.

The state urges that this matter be transferred to the Missouri Supreme Court to reevaluate its decision in *Furne*. In *Furne*, however, the Missouri Supreme Court addressed the same semantic arguments advanced here by the state. 642 S.W.2d at 616. The state's request is denied.

The state further urges this court to remand the case to the trial court for retrial on the misdemeanor offense of resisting arrest. This issue is also addressed in *Furne*. "Since ... the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, the only 'just' remedy available for that court is the direction of a judgment of acquittal." *Id.* at 617 (quoting *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2151, 57 L.Ed.2d 1 (1978). The state's request that the case be remanded to the trial court to permit recharging and retrial of Mr. Johnson on a misdemeanor charge is denied.

Accordingly, Mr. Johnson's felony conviction for resisting arrest in violation of § 575.150 is reversed. Mr. Johnson's conviction for unlawful use of a weapon, § 571.030.1(4), and the resulting five year imprisonment term are affirmed.

All concur.