**STATE of Missouri, Plaintiff–Respondent,**

v.

**Michael POLZIN, Defendant–Appellant.**

**No. 18507.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 17, 1993.

at 940 (S.D.).

Gary E. Brotherton, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SHRUM, Judge.

The defendant appeals from his conviction of class D felony resisting arrest, § 575.150, RSMo 1986. We reverse and remand as to that judgment. He also appeals from two misdemeanor convictions, DWI and driving with a revoked operator's license. We affirm those judgments of conviction.

### FACTS

Facts relevant to the dispositive issue follow. On September 23, 1991, shortly before midnight, Kathy Frazier, a Missouri State Highway Patrol trooper, was driving her patrol vehicle south on Missouri Highway 5 in Ozark County when she observed an automobile she suspected was driven by someone in an "impaired" condition. She activated her red lights and siren and stopped the car.

Frazier approached the driver's door of the car and observed the defendant in the driver's seat and two small children, one in the front seat and one in the back. When she asked the defendant for his operator's license, he responded, "I'm under revokeshun." Upon Frazier's request, the defendant got out of the car and walked to the rear of the vehicle. After observing the defendant's slurred speech, unsteady walk, and a strong odor of alcoholic beverages, Frazier concluded the defendant was intoxicated.

Frazier told the defendant he was under arrest for driving while intoxicated and instructed him to turn, face away from her, and put his hands straight out to the side so she could handcuff him. The defendant complied and Frazier handcuffed his left wrist. The defendant then turned around and began flailing his arms and screaming, "You can't take my babies from me." Frazier attempted to calm the defendant, but he continued to scream and struggle, pulling away from her as she held fast to the handcuffs. Frazier's hand was cut by the handcuffs as the defendant thrashed his arms about. After Frazier subdued the defendant with pepper mace, she transported him and his children in her patrol car to the sheriff's office.

The defendant was charged with two misdemeanors, driving while intoxicated and driving while his operator's license was revoked, and the class D felony of resisting arrest. A jury found the defendant guilty of all three counts. He was sentenced to serve 90 days and 30 days, respectively, in the county jail for driving while intoxicated and driving with a revoked license. The trial court suspended execution of those sentences and placed the defendant on two years' probation. For the resisting arrest conviction, the defendant was sentenced to two years' imprisonment with the Missouri Department of Corrections.

### DISCUSSION AND DECISION

In his first point on appeal, the defendant challenges the sufficiency of the evidence to support the resisting arrest conviction. He contends he cannot be convicted of felony resisting arrest when the arrest he was charged with resisting was for two misdemeanors.

*State v. Furne*, 642 S.W.2d 614 (Mo. banc 1982), mandates reversal. In *Furne* the court stated that "resisting arrest is a

felony offense only if the underlying offense is a felony and the resistance is accomplished by a means other than flight." *Id.* at 616. The defendant points out that because the arrest he was accused of resisting was for two misdemeanor offenses then, under the *Furne* interpretation of § 575.150,[1] he cannot be convicted of felony resisting arrest.

Section 575.150 provides:

1. A person commits the crime of resisting or interfering with arrest if, knowing that a law enforcement officer is making an arrest, for the purpose of preventing the officer from effecting the arrest, he:

(1) Resists the arrest of himself by using or threatening the use of violence or physical force or by fleeing from such officer; or

(2) Interferes with the arrest of another person by using or threatening the use of violence, physical force or physical interference.

2. This section applies to arrests with or without warrants and to arrests for any crime or ordinance violation.

3. It is no defense to a prosecution under subsection 1 of this section that the law enforcement officer was acting unlawfully in making the arrest. However, nothing in this section shall be construed to bar civil suits for unlawful arrest.

4. Resisting, by means other than flight, or interfering with an arrest for a felony is a class D felony; otherwise, resisting or interfering with arrest is a class A misdemeanor.

The state concedes that the defendant's point on appeal has merit under the *Furne* construction of § 575.150. Nevertheless, the state argues that *Furne* misconstrues § 575.150.4 and that "the legislature intended to classify resisting arrest, by means other than flight, as a class D felony regardless of whether the resistance pertains to an arrest for a felony or some lesser crime or ordinance...." Recognizing that this court is constitutionally bound to follow precedent established by the state supreme court, the state urges us to transfer the case to the supreme court, presumably for the purpose of reexamining existing law.[2]

The state presents a cogent and compelling argument based on grammatical principles, canons of statutory construction, and policy reasons for differentiation between felony and misdemeanor resisting arrest based on the method of resistance. We might be inclined to issue an opinion and transfer the case had the supreme court not considered the *Furne* interpretation of § 575.150 since that opinion was issued in December 1982.[3] However, the matter has

---

**1.** Section 575.150, RSMo 1978, applicable in *Furne*, is identical to § 575.150, RSMo 1986.

**2.** The state in its brief refers to Rule 83.06 as authority for us to transfer this case to the supreme court. Rule 83.06 pertains to the transfer of a case prior to opinion from this court to the supreme court upon motion of the supreme court or a party. This court has no authority under Rule 83.06 to transfer a case. Our authority to transfer is governed by Art. V § 10 of the Missouri Constitution and Rules 83.01 and 83.02. Rule 30.27 makes Rule 83 applicable to the transfer of criminal cases.

**3.** In *Furne*, Judge Welliver wrote that the Notes on Use to MAI–CR2d 29.60, the then applicable verdict directing instruction for resisting or interfering with arrest, supported the court's interpretation of § 575.150(4). Judge Welliver pointed out that Note 4 provided that "[r]esisting one's own arrest by fleeing from an arresting law enforcement officer is a class A misdemeanor, whether the arrest is for a misdemeanor or or felony" and that "[r]esisting one's own arrest for a felony, by means other than flight, is a class D felony." 642 S.W.2d at 616 n. 2. We observe that the Notes on Use under MAI–CR2d 29.60 were silent on the ramifications of resisting one's own arrest for a misdemeanor, by means other than flight.

Effective January 1, 1987, the verdict directing instruction for resisting or interfering with arrest was revised and redesignated MAI–CR3d 329.60. The version of the instruction to be used where the defendant is charged with resisting other than by flight hypothesizes in part: Second, that [*name(s) of person(s)*] (was) (were) making an arrest of (the defendant) ([*name of person other than defendant*]) for [*name of felony offense*], and Notes on Use 2 to the current instruction states, in part, "This instruction submits the offense as a class D felony. To submit the offense as a class A misdemeanor ... insert the name of the misdemeanor offense in paragraph Second instead of the name of a felony offense."

been before the supreme court on at least two occasions since *Furne;* thus we believe if the supreme court wishes to reconsider *Furne*, it will so indicate by acting on an application to transfer under Rule 83.03.

Applying the *Furne* interpretation of § 575.150 we find that the defendant was charged and sentenced improperly and that the judgment for conviction of felony resisting arrest must be reversed and remanded. *State v. Wallace*, 825 S.W.2d 626, 633 (Mo.App.1992).

In his second point the defendant charges that the trial court committed plain error in giving Instruction 4 (MAI–CR3d 302.04) in that the instruction's definition of "proof beyond a reasonable doubt" allowed the jury to find the defendant guilty on "a degree of proof ... below that required by the due process." The defendant bases his attack on *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990).

Our supreme court has repeatedly rejected this identical attack on the instruction. *State v. Blankenship*, 830 S.W.2d 1, 13[14] (Mo. banc 1992). The instruction has been repeatedly upheld. *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991); *State v. Murray*, 744 S.W.2d 762, 771 (Mo. banc 1988), *cert. denied*, 488 U.S. 871, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988); *State v. Antwine*, 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). The defendant's Point II is denied.

The defendant's conviction of resisting arrest is reversed and remanded; his convictions of driving while intoxicated and driving with a revoked operator's license are affirmed.

MONTGOMERY, J., concurs.

PARRISH, C.J., concurs in result in separate opinion.

The comparable paragraph in the predecessor instruction simply called for insertion of "name of offense."

We read the above-quoted portion of Notes on Use 2 to the current instruction as a clear indication that, in order to submit the offense of resisting arrest other than by flight as a felony, the instruction must hypothesize a felony in paragraph second.

PARRISH, Chief Judge, concurring.

I concur in the result. I agree with the Supreme Court's interpretation in *State v. Furne*, 642 S.W.2d 614 (Mo. banc 1983), of the language of § 575.150, RSMo 1986.

In *State v. Burton*, 801 S.W.2d 380 (Mo.App. 1990), the western district of the court of appeals, following *Furne*, reversed the defendant's felony conviction for violating § 575.150. Although the defendant in *Burton* was charged with interfering with the arrest of another rather than resisting his own arrest, such a distinction seems legally insignificant. The supreme court denied the state's application to transfer.