# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2292

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Mark Steven McClain, | * | |
| | * | |
| Appellant | * | |

_____

Submitted:  December 14, 1998

Filed:  March 26, 1999

_____

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.

_____

HEANEY, Circuit Judge.

Mark Steven McClain appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1) and possession of methamphetamine in violation of 21 U.S.C. § 844(a).  McClain contends that since there was no probable cause for his arrest, the district court erred in failing to suppress the evidence of the gun and methamphetamine that resulted from it.  With regard to his sentence, McClain asserts that the district court incorrectly sentenced him under U.S.S.G.§ 2K2.1(b)(5) and § 4B1.4.  We affirm McClain's

conviction and affirm in part his sentence and remand in part for resentencing consistent with this opinion.

## I.

On December 15, 1996, Stoddard County, Missouri Deputy Sheriff Dennis Fowler received information that Michael Jansen, who was the subject of an outstanding warrant for a drug crime, was at a certain shed. Upon arriving at the shed, Deputy Fowler learned that Jansen had been at the shed earlier in the day but had left. With the owner's permission, Deputy Fowler entered the shed and confiscated two guns and a duffel bag that the owners indicated belonged to Jansen. Later that day, upon receiving information that Jansen was there, Deputies Fowler and Haynes returned to the shed. Seeing Deputy Fowler approach the shed, Jansen, who was walking out, backed up into the shed and laid down when Deputy Fowler indicated he was under arrest.

As Deputy Fowler was handcuffing Jansen, he looked into the building and observed McClain and another individual inside the shed. He saw McClain toss something into the bed of a pickup truck parked in the shed and heard a heavy sound as the object hit the truck bed. When Deputy Fowler approached the bed of the pickup, he saw that the object McClain had thrown was a black semi-automatic pistol. He seized the weapon and ordered McClain to the ground. Deputy Haynes located a methamphetamine lab in an office closet approximately fifteen feet from McClain. The smell of ether was present in the shed. At this time, Deputy Fowler placed McClain under arrest for attempt to manufacture methamphetamine. He searched him and found a concealed buck knife, a leather pouch with a box of ammunition, and a leather pouch with packages of methamphetamine and ephedrine. Officers later found a nylon holster on McClain's person when he was searched at the Stoddard County jail.

McClain was then convicted by a jury on February 3, 1998 of being a felon in possession of a firearm and possession of methamphetamine. At sentencing, the district court assigned the firearm-possession offense a base level of 24 under U.S.S.G. § 2K2.1(a)(2). The district court then gave McClain a four-level enhancement under § 2K2.1(b)(5) because he possessed the firearm "in connection with" another felony offense and a two-level enhancement for obstruction of justice. Thus, McClain's total offense level for the firearm charge was 30. The district court then determined that because of his prior offenses, McClain should be sentenced under the "Armed Career Criminal" provisions of U.S.S.G. § 4B1.4(b)(3)(A), which resulted in an adjusted offense level of 34.

## II.

McClain first argues that the district court erred in overruling his motion to suppress the methamphetamine and ammunition seized from his person in that there was no probable cause for his arrest. Also, McClain contends that the court erred in failing to suppress McClain's statements as "fruits of the poisonous tree" of his illegal arrest. Finally, McClain claims that the district court committed plain error in admitting evidence of the methamphetamine lab discovered in the shed. We disagree with each of McClain's contentions.

We review de novo the district court's determination that probable cause supported McClain's arrest. See Ornelas v. United States, 517 U.S. 690, 699 (1996). The existence of probable cause to make a warrantless arrest depends upon "whether, at the moment the arrest was made, . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." United States v. Morgan, 997 F.2d 433, 435 (8th Cir. 1993) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)).

The circumstances of McClain's arrest support a finding of probable cause. Deputy Fowler had discovered guns in the earlier permissible search of the shed. Jansen was carrying a gun when arrested in the presence of McClain. When McClain first saw Deputy Fowler, he made a furtive move to discard an object which Deputy Fowler saw to be a gun before arresting him. Deputy Haynes discovered the methamphetamine lab approximately fifteen feet from McClain. There was also an odor of ether in the air, which is associated with the production of methamphetamine. All of these circumstances were sufficient to create probable cause that McClain was attempting to manufacture methamphetamine. Therefore, the district court correctly denied McClain's motion to suppress the evidence and statements resulting from the arrest.

With regard to McClain's contention that it was plain error to admit the evidence of the methamphetamine lab, we find that the district court was within its discretion in admitting the evidence as relevant to explain the circumstances surrounding McClain's arrest.

McClain next argues that he was improperly sentenced under U.S.S.G. § 2K2.1(b)(5) and § 4B1.4. The district court found that McClain qualified for an enhancement under both § 2K2.1(b)(5) and § 4B1.4 for possessing a firearm in connection with the attempted manufacture of methamphetamine.[1] He asserts that the prosecution failed to show both that the underlying offense occurred and that the gun was used "in connection with" that offense.[2] We disagree.

---

[1] Section 2K2.1(b)(5) states: "If the defendant used or possessed any firearm in connection with another felony offense . . . increase by **4** levels," and § 4B1.4 states that the offense level of a defendant sentenced under this section shall be "**34**, if the defendant used or possessed the firearm or ammunition in connection with a . . . controlled substance offense."

[2] We note that although the United States asserts that it has shown the underlying offense by a preponderance of the evidence, this court has expressly left

The government presented various evidence tending to show that McClain attempted to manufacture methamphetamine. He was arrested fifteen feet from an open bag containing an active lab. The lab had not been in the shed earlier in the day before McClain arrived with the other two men. McClain had both the finished product, methamphetamine, and an ingredient or precursor, pseudoephedrine, on his person when he was arrested. When Deputy Fowler asked him what the pseudoephedrine was for, McClain responded that it was for "making dope."

The Commentary to the "in connection with a felony offense" enhancement language of § 2K2.1(b)(5) defines felony offense as "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or a criminal conviction obtained." U.S.S.G. § 2K2.1(b)(5), comment. (n.7). Based on the evidence discussed above, the government established that McClain committed the underlying offense of attempt to manufacture methamphetamine for which he was charged in state court.

Furthermore, the evidence of the gun tossed into the bed of the truck and the ammunition found on McClain sufficiently established that McClain used the firearm "in connection" with the offense of attempt to manufacture methamphetamine. Section 2D1.1, Application Note 3 states that the firearm enhancement should be applied unless it is clearly improbable that the weapon was connected to the offense. See U.S.S.G. § 2D1.1, comment. (n.3). In United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997), we observed that a firearm is a "tool of the trade" for drug deals and that a connection can be inferred where there is a firearm and distribution quantity. We then held that an enhancement may be given even where the drug offense only

open the question of whether the government must prove non-garden variety sentencing facts by a preponderance of the evidence or by clear and convincing evidence. See United States v. Brown, 156 F.3d 813, 816 -17 (8th Cir. 1998). We do not address this issue because the government has shown that McClain attempted to manufacture methamphetamine under either standard.

involves possession, since the guidelines target the increased risk of violence when a gun is combined with any drug felony. See id. Since McClain was convicted of manufacturing methamphetamine, either rationale would apply.

Finally, we address the fact that McClain was sentenced as an armed career criminal. In his objections to the presentence report and again at sentencing, McClain argued that he did not qualify for sentencing as an armed career criminal under § 4B1.4(b)(3)(A), which, considering all of the enhancements, increased his offense level from 30 to 34. The district court nonetheless sentenced McClain under this provision, finding that he had committed four qualifying "violent felonies," consisting of two burglaries and two felony resisting arrests.

Although McClain did not again challenge his qualification as an armed career criminal before our court, we address this issue under plain error review. See Fed. R. Crim. P. 52 ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."); United States v. Weaver, 161 F.3d 528 (8th Cir. 1998). Because we find that McClain actually committed misdemeanor, rather than felony, resisting arrest under Missouri law, those crimes may not properly be used to qualify McClain for sentencing under § 4B1.4(b)(3)(A).

The crime of resisting arrest under Missouri law is governed by the provisions of Mo. Rev. Stat. §575.150 (1998), which provide in relevant part:

> 1. A person commits the crime of resisting or interfering with arrest if, knowing that a law enforcement officer is making an arrest, for the purpose of preventing the officer from effecting the arrest, he:
>> (1) Resists the arrest of himself by using or threatening the use of violence or physical force or by fleeing from such officer . . . .
>> . . . .

4. Resisting, by means other than flight, or interfering with an arrest for a felony is a class D felony; otherwise, resisting or interfering with an arrest is a class A misdemeanor.

In State v. Furne, the Missouri Supreme Court held that "[t]he statutory language [of Mo. Rev. Stat. §575.150] makes it plain that resisting arrest is a felony offense only if the underlying offense is a felony." 642 S.W.2d 614, 616 (Mo. 1982) (en banc). Since Furne, the Missouri courts have consistently held that a defendant may not be convicted of felony resisting arrest unless the offense of arrest is itself a felony. See, e.g., State v. Polzin, 859 S.W.2d 254, 256-57 (Mo. Ct. App. 1993) (finding appellant was charged and sentenced improperly and reversing conviction for felony resisting arrest where appellant was being arrested for peace disturbance, a misdemeanor, making the resisting arrest only a misdemeanor); State v. Burton, 801 S.W.2d 380, 381 (Mo. Ct. App. 1990) ("In accordance with statutory language, resisting arrest is a felony only if the underlying offense is a felony . . . . ").

The Boone County, Missouri Circuit Court charging Information reflects that McClain was charged incorrectly under Missouri law. The first resisting arrest charge arose when officers attempted to make an arrest of McClain for a parole violation. Because we find no indication in the Information or Missouri law that a parole violation constitutes a felony, we can only conclude that the Information thus fails to state that McClain was being arrested for a felony. The second resisting arrest charge resulted when officers attempted to arrest McClain for the first resisting arrest. Although the Information states that McClain was being arrested for the Class D felony of resisting arrest, this felony charge resulting from the first attempted arrest was contrary to Missouri law and could not correctly be the basis of an additional Class D felony resisting arrest charge.[3]

---

[3]We note that McClain pled guilty to both charges of felony resisting arrest although, as we made clear above, McClain could not have committed felony resisting arrest as a matter of Missouri law. We have no occasion in this case to

Accordingly, since McClain was improperly charged and convicted of a felony under Missouri law, those convictions may not be counted as "violent felonies" and be used to enhance his sentence under § 4B1.4(b)(3)(A).

## III.

For the reasons stated above, we therefore affirm the denial of McClain's motion to suppress and affirm his conviction, and remand to the district court for resentencing consistent with this opinion.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

address the state court consequences of the guilty plea, but cannot, however, perpetuate this error in determining whether McClain qualified for an armed career criminal enhancement under § 4B1.4(b)(3)(A).