# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00574-CR

**David Boyd Hinson, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TARRANT COUNTY, 297TH JUDICIAL DISTRICT
NO. 0780533D, HONORABLE EVERETT YOUNG, JUDGE PRESIDING**

Appellant was convicted by a jury of possessing more than four grams of methamphetamines with intent to deliver.[1] His punishment, enhanced by a previous felony conviction, was assessed at seventy years= imprisonment and a $10,000 fine. On appeal, he complains of (1) improper impeachment during the guilt/innocence phase of the trial, and (2) improper jury argument during the punishment phase. We will affirm the conviction.

## FACTUAL BACKGROUND

Based on a confidential informant=s tip, the Hurst and Fort Worth Police Departments were watching a motel room in Hurst for two suspects, a man and a woman, believed to be dealing drugs from

---

[1] Tex. Health & Safety Code Ann. '' 481.102(6), .112(a), (d) (West Supp. 2002).

that location. The police had a search warrant for room 214 of the motel. The search warrant was targeted at Gina Sellers and a white male, thought to be David Sellers. The confidential informant reported that David Sellers drove a black and grey Ford Bronco II.

On August 22, 2000, as the police were preparing to raid the motel room, appellant was observed driving away in a 1987 black and silver Ford Bronco. Police followed appellant from the scene and stopped him for a minor traffic violation. Approximately four grams of methamphetamines were found in a glass vial hidden in his front pant=s pocket. Several plastic bags containing drugs and drug paraphernalia were found in the backseat of the Bronco. Appellant matched the description of David Sellers given by the informant, although he denied any knowledge of David Sellers.

Officer Hobbs testified that while the Bronco was being searched, appellant blurted out, A Hey, that stuff is not mine. I stole that stuff from a guy named Scott.@ Gina Sellers was asked about the drugs in appellant=s vehicle and she stated, A [T]hat=s [appellant=s], I don=t have anything to do with the Bronco.@ At trial, appellant testified that he borrowed the Bronco from a Charles Apodoca, and that he, appellant, was unaware that the vehicle contained any drugs. He claimed the vial of drugs had not been in his pants pocket before a police officer placed his hand in appellant=s pocket during the search. The vial, appellant contended, inexplicably appeared in the officer=s hand as he removed his hand from appellant=s pocket.

## DISCUSSION

*Impeachment*

2

First, appellant complains that during the guilt/innocence stage of the trial, the trial court allowed the prosecution to impeach him with the details of a prior felony conviction for tampering with a government document.[2] He contends that the impeachment allowed into evidence inadmissible information that caused reversible error.

Complaints regarding the admission of evidence are reviewed for an abuse of discretion. *See Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Appellate courts will uphold a trial court=s ruling if it was within the zone of reasonable disagreement or if the court acted in accordance with applicable guiding legal principles or rules. *See id.* A trial court abuses its discretion when its decision is so clearly wrong that it lies outside that zone within which reasonable persons might disagree, or when its acts are arbitrary and unreasonable. *See Montgomery v. State*, 810 S.W.2d 372, 380, 391 (Tex. Crim. App. 1990). We make our determination on appeal in light of what was before the trial court at the time it made its decision. *See id.* at 391.

Appellant was the only defense witness to testify at the guilt/innocence phase of the case. On cross-examination, he was asked if he was the same David Boyd Hinson convicted of aggravated possession of a controlled substance on May 21, 1990; appellant acknowledged that he was. He also answered affirmatively when asked if he was the same David Boyd Hinson convicted of burglary on May 21, 1990. Then, appellant was asked:

> Q:       Isn=t it true that you are currently on probation for tampering with a government document?

---

[2] Tex. Pen. Code Ann. ' 37.10 (West Supp. 2002).

A:        Yes, sir.

Q:        That=s like identity theft, right?

A:        No, sir.
Q:        What did you do to get on probation?

[Defense
Counsel]:  I object, it=s not relevant.

[Court]:   Overruled.

[Defense
Counsel]:  Can I have a running objection to the line of questioning?

[Court]:   Yes.

Q:        What kind of government record were you tampering with?

A:        An inspection sticker.

Q:        Okay.  That=s a felony?

A:        Felony, yes, sir.

Q:        And you=re currently on probation for that, right?

A:        Yes, sir.

Appellant contends that it was error for the trial court to allow the prosecution to question him about the specific details surrounding his prior conviction.  He particularly complains about the prosecutor eliciting testimony that the government document he was convicted of tampering with was an inspection sticker.  He argues that the specific facts surrounding his prior conviction were inadmissible for the purpose of impeachment in the guilt/innocence phase.  He argues that this evidence was highlighted and

**4**

emphasized during argument, when the prosecutor said, A[H]e is on felony probation as we sit here today for what crime? Altering inspection stickers. So he=s a liar, a thief, a drug dealer and a liar.@

Appellant=s contention on appeal does not comport with his trial objection. *See* Tex. R. App. P. 33.1(a). At trial, appellant=s only objection was to the relevance of the evidence, but he does not urge relevance as the basis for his complaint on appeal. His complaint that the impeachment was improper because it contained the details of the prior conviction was not a ground presented to the trial court. Therefore, appellant has not preserved this error for appeal.

But even if we were to consider appellant=s relevance objection to sufficiently preserve the issue for review, we find that any error was harmless. Appellant does not assert that it was improper to impeach him with his prior conviction for tampering with a government document. He argues only that the court should not have allowed in the fact that the government document he was convicted of tampering with was an inspection sticker. Appellant does not complain about the fact that he was impeached with his prior conviction for aggravated possession of a controlled substance. Nor does he complain about being impeached with his prior conviction for burglary. Furthermore, we note that appellant does not challenge the sufficiency of the evidence to convict him for possession of methamphetamines with intent to deliver.

Texas Rule of Appellate Procedure 44.2(b) requires that non-constitutional error is harmless error unless it affects the defendant=s Asubstantial rights.@ Tex. R. App. P. 44.2(b). Substantial rights are not affected by the erroneous admission of evidence Aif the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.@ *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). When deciding whether a jury=s verdict

was adversely affected by an error, the appellate court will consider everything in the record, including any testimony or physical evidence admitted, the nature of the evidence supporting the verdict, the character of the alleged improperly admitted evidence and how it might be considered in relation to other evidence. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). That the record contains overwhelming evidence of guilt is also a factor to be considered by the appellate court. *Motilla v. State*, No. 598-01, slip op. at 9, 2002 Tex. Crim. App. LEXIS 137, *12 (June 26, 2002).

Appellant had the potential to be sentenced to up to ninety-nine years in prison, but this jury sentenced him to seventy. The improperly admitted detail of the prior conviction for tampering with a government document tends to be a rather minor offense when compared with the two other convictions, burglary and aggravated possession of drugs, which were admitted with no objection. *See King v. State*, 953 S.W.2d 266, 273 (Tex. Crim. App. 1997). The jury was likely to consider tampering with an inspection sticker to be a comparatively trivial matter. Moreover, the improperly admitted details of the prior conviction, in this instance, probably worked in appellant=s favor. We believe that not specifying the type of document that appellant was convicted of tampering with would have been worse for appellant. The offense of tampering with a government document seems less ominous when the fact that the document involved was an inspection sticker is considered. The error clearly did not affect appellant=s substantial rights. Tex. R. App. P. 44.2(b). Appellant=s first point of error is overruled.

*Jury Argument*

Second, appellant complains of the State=s argument during the punishment phase of the trial. Appellant argues that the prosecutor wrongly interjected his personal opinion about the sentence that

**6**

should be imposed. The prosecutor, appellant argues, conveyed to the jury that he had special knowledge or expertise in the case, in addition to the evidence heard by the jury, on which the prosecutor based his opinion. Appellant asserts that this argument was reversible error because it was the last statement the jury heard.

Complaints about improper jury argument are reviewed for an abuse of discretion. *See Wilson v. State*, 7 S.W.3d 136, 147 (Tex. Crim. App. 1999). Jury argument must fall within four permissible areas: (1) summation of the evidence; (2) reasonable deductions from the evidence: (3) pleas for law enforcement; and (4) answers to arguments from opposing counsel. *See id.* A court abuses its discretion by allowing argument outside of the permissible areas. *Id.*

Appellant complains about the following jury argument:

[Prosecutor]: It=s time to send him a message, and like I told you on the guilt/innocence phase, the 12 of you are the only ones that can do that. You=re the only one that can send him this message. And I think the message is seventy years. That=s what I=m asking for. I know it seems like a lot, but I think it=s deserving in this case. The 12 of y=all, very intelligent people, go back there and talk about it. That=s just what I believe it=s worth. Thank you.

[Defense
Counsel]: Excuse me, I object to the prosecutor.

[Prosecutor]: That=s what I believe the case is worth.

[Defense
Counsel]: Excuse me. I**B** I object to the prosecutor interjecting his personal feelings in the case.

[Court]: The Court will permit him to make his argument.

**7**

A prosecutor is prohibited from indicating to the jury that he possesses specialized knowledge or expertise about a contested factual issue in the case because of the danger of influencing the jury=s resolution of that issue. *Jackson v. State*, 17 S.W.3d 664, 675 (Tex. Crim. App. 2000); *Boyd v. State*, 643 S.W.2d 700, 706 (Tex. Crim. App. 1983). In evaluating the argument, we must consider it in the appropriate context. *Jackson*, 17 S.W.3d at 675; *Gaddis v. State*, 653 S.W.2d 396, 398 (Tex. Crim. App. 1988).

The jury argument in this case was an obvious plea for law enforcement. The prosecutor made it clear that it was the jury=s prerogative to assess punishment based upon the evidence. The prosecutor had previously listed the reasons why he was asking the jury to assess punishment at seventy years. The complained-of remark was made in the context of the facts of the offense and appellant=s prior criminal record. Taken in context, the prosecutor=s statement that the case was Aworth@ seventy years did not indicate or intimate that he had special knowledge or expertise in addition to the evidence the jury heard. It could not have had the effect of influencing or usurping the jury=s prerogative. The second point of error is overruled.

## CONCLUSION

Appellant=s points of error having been overruled, the judgment is affirmed.

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   August 30, 2002

Do Not Publish