# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3090

_____

United States of America,              *
                                     *

      Appellee,                  *
                                     *   Appeal from the United States

     v.                           *   District Court for the
                                     *   Eastern District of Missouri.

Travis Lindsey Yates,           *
                                     *   [UNPUBLISHED]

      Appellant.               *

_____

Submitted: June 12, 2009
Filed: September 9, 2009

_____

Before BYE, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Travis Lindsey Yates pled guilty in district court[1] to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 188 months imprisonment. Yates appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

At the time he was sentenced, Yates had prior convictions for robbery and felony resisting arrest. The district court determined he was a career offender under U.S.S.G. § 4B1.1, resulting in an advisory guideline range of 188 to 235 months. Yates was serving a ten-year state sentence for property damage and possession of a controlled substance. The district court sentenced him to 188 months imprisonment, consecutive to his state sentence.

First, Yates argues that the district court erred in determining he is a career offender. The career offender provision of the guidelines applies if a defendant has two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a)(3). Yates claims that his conviction for felony resisting arrest was not a conviction for a crime of violence because he was not actually violent while committing the crime. This court reviews whether a prior offense is a crime of violence de novo. *United States v. Aleman*, 548 F.3d 1158, 1168 (8th Cir. 2008).

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

Yates's contention, at sentencing and on appeal, is that the district court, and now this court, should look beyond the charge to which he pled guilty, to the actual facts underlying the conviction. However, in determining whether a prior conviction was for a crime of violence, courts may not investigate the facts. *James v. United*

*States*, 550 U.S. 192, 202 (2007); *United States v. Clark*, 563 F.3d 771, 772-73 (8th Cir. 2009).

Yates has never argued, at sentencing or on appeal, that the conviction was not for a felony. At sentencing, Yates expressly did not object to the factual statements in the Presentence Report that his conviction for "Resisting Arrest" was a "Felony," for which he was "sentenced to 2 years." Under Missouri law, as it existed at the time of Yates's undisputed felony conviction, resisting arrest was a felony only if the resistance was by means other than flight, and the arrest being resisted was for a felony. *See United States v. McClain*, 171 F.3d 1168, 1172 (8th Cir. 1999) (citing *State v. Furne*, 642 S.W.2d 614, 616 (Mo. banc 1982)). Resisting arrest by flight was a misdemeanor. Mo. Rev. Stat. § 575.150.4 (2000). Consequently, Yates's undisputed felony conviction means his resistance was (1) *not* by flight, and (2) in response to an arrest for a felony. Under § 575.150.1(1), if resistance was not by flight it had to be "by using or threatening the use of violence or physical force . . ." That was the felony crime Yates pled guilty to and was convicted of, and that crime fits the definition of "crime of violence" under U.S.S.G. § 4B1.2(a)(1). The district court did not err in finding that Yates was a career offender.

Next, Yates claims the district court erred in ordering a consecutive sentence because it treated the sentencing guidelines as mandatory. To the contrary, the district court stated, "The recommended ranges of punishment are incarceration of 188 to 235 months . . . ." Yates's attorney pointed out to the court that a reduction to reflect the time Yates had served on his state sentence was "up to the discretion of the Court." The district court also stated, "On the other hand, if we have intervening events, intervening activity, and separate criminal convictions, the guidelines would recommend that they not be treated the same." The district court was aware of the advisory nature of the sentencing guidelines.

The judgment of the district court is affirmed.

_____