**STATE of Missouri, Respondent,**

v.

**Victor R. BURTON, Appellant.**

**No. WD 42227.**

Missouri Court of Appeals,
Western District.

Nov. 6, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 2, 1991.

Application to Transfer Denied
Feb. 7, 1991.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant was convicted, after trial by jury, on May 31, 1989, of assault in the second degree, in violation of § 565.060, and resisting arrest in violation of § 575.150.[1] On July 5, 1989, appellant was sentenced by the trial court, in accordance with the jury's assessment of punishment, to five years' imprisonment on his conviction for assault and three years' imprisonment on his conviction for resisting arrest. The court ordered appellant's sentences to be served consecutively. Appellant subsequently filed a motion under Rule 29.15 for post-conviction relief which motion was denied after an evidentiary hearing. In this appeal appellant challenges only his conviction for resisting arrest.

The underlying facts are that on November 23, 1988, Trooper Barnes of the Missouri Highway Patrol was checking on a vehicle that had just passed his patrol car and pulled over onto the shoulder of Highway 61 in Marion County. Upon observing the driver of the vehicle, Kenneth Jones, and after administering field sobriety tests, Trooper Barnes placed Jones under arrest for driving while intoxicated.

The evidence is clear that appellant was extremely disruptive, cursing and shouting at Trooper Barnes and fighting with the Trooper as he was attempting to arrest Jones. The evidence shows that appellant initiated physical aggression toward Trooper Barnes and ultimately that Trooper Barnes was shot in the leg as appellant tried to take the Trooper's revolver from its holster.

Appellant's first point on appeal is dispositive. Appellant argues in his first point that the trial court erred by accepting the jury's verdict and sentencing him for felony resisting arrest because the state failed to prove that he was resisting an arrest for a felony offense.

In the case at bar, appellant was charged and convicted of violating § 575.150 by resisting his own arrest when he was being arrested for interfering with the arrest of Kenneth Jones. Jones was being arrested for driving while intoxicated.

Section 575.150 provides as follows:

1. A person commits the crime of resisting or interfering with arrest if, knowing that a law enforcement officer is making an arrest, for the purpose of preventing the officer from effecting the arrest, he:

(1) resists the arrest of himself by using or threatening the use of violence or physical force or by fleeing from such officer; or

(2) interferes with the arrest of another person by using or threatening the use of violence, physical force or physical interference.

2. This section applies to arrest with or without warrants and to arrest for any crime or ordinance violation.

3. It is no defense to a prosecution under sub-section one of this section that the law enforcement officer was acting unlawfully in making the arrest. However, nothing in this section shall be construed to bar civil suits for unlawful arrests.

4. *Resisting, by means other than flight, or interfering with an arrest for a felony is a class D felony; otherwise, resisting or interfering with arrest is a class A misdemeanor.* (Emphasis added).

In accordance with the statutory language, resisting arrest is a felony only if the underlying offense is a felony and the resistance is accomplished by a means other than flight. *State v. Furne*, 642 S.W.2d 614, 616 (Mo. banc 1982). In the case at bar, appellant was being arrested for interfering with the arrest of Kenneth Jones. This was the underlying offense and there was no evidence that it was a felony to interfere with the arrest of Kenneth Jones. Jones was being arrested for driving while intoxicated which can be either a felony or a misdemeanor depending

---

1. All statutory references are to RSMo 1986.

upon the circumstances. In order to show that interfering with the arrest of Jones was a felony the state was required to prove that the offense for which Jones was arrested was a felony. There was no such evidence presented.

Accordingly, appellant's felony conviction of resisting arrest in violation of § 575.150 is hereby reversed.

All concur.