STATE of Missouri, Respondent,

v.

Paul Stanley MERRITT, Appellant.

Paul Stanley MERRITT, Appellant,

v.

STATE of Missouri, Respondent.

No. 57367, 58896.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 12, 1991.

Mary J. Lake, Farmington, Mary Anderson, Columbia, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Paul Stanley Merritt, appellant, appeals from his jury conviction of felony resisting arrest. RSMo § 575.150 (1986). Since the appellant was found to be a prior and persistent offender, the court assessed his punishment at ten years imprisonment. Appellant also appeals from the denial of his Rule 29.15 motion, without an evidentiary hearing. We affirm in all respects.

On December 6, 1988, a deputy sheriff of Madison County was conducting an undercover surveillance of a suspected drug house. The deputy, who was wearing street clothes and was driving his personal car, began his surveillance around 3:00 p.m. At approximately 4:00 p.m., the deputy observed appellant drive up and pull into the driveway of the home. Appellant went into the home and, five minutes later, exited and drove his 1972 pickup truck to Bud's Booze to Go, a local liquor store. The deputy sheriff followed appellant to the liquor store and parked across the street from appellant, with a clear view of appellant who was seated in his truck.

The deputy sheriff then called the sheriff to inform him that he was in the process of trying to make a drug arrest of the appellant. The deputy sheriff testified that this particular liquor store was known to him to be the site of previous drug trafficking.

Approximately two hours after appellant arrived at the liquor store, appellant flashed his headlights towards a friend of his, Keith Stacy,[1] who pulled his car near appellant's truck. Stacy walked up to appellant's driver's side window and began conversing with appellant.

The deputy sheriff, assuming that a drug transaction was transpiring, called the sheriff's office to inform them that "the deal was going down." The deputy sheriff then quickly approached both men, identified himself as a deputy sheriff by voice and by displaying his badge in his left hand (he carried a walkie talkie in his right hand) and asked both men for identification.[2] Stacy began to comply with this request but the appellant refused, stating that he did not know who the officer was. The

---

1. We will refer to Mr. Stacy as Stacy for the remainder of our opinion. We do not intend to be disrespectful by the reference.

2. The deputy also was wearing a baseball hat with the words "Madison County, Missouri, Sheriff's Department" written on the front of it.

deputy sheriff observed a bag of what appeared to be marijuana sitting in appellant's lap and the deputy watched as appellant began throwing things onto the floorboard of his truck.

Appellant then started up his truck and the deputy sheriff again requested that appellant identify himself. Appellant, instead, drove away. As appellant began to leave, the deputy sheriff told appellant that he was under arrest. This announcement did not slow the appellant. Instead, appellant's truck proceeded to strike the deputy sheriff with its outside mirror, hitting him in his right rib cage. The deputy then held on to the door of the truck and was dragged some sixty feet until appellant began to enter a highway. The deputy sheriff's right ear was also cut. Appellant was arrested some fifteen to twenty minutes later at a friend's trailer but no marijuana was found.

■■■ Appellant was charged by information with one count of felony resisting arrest and was convicted of the same by a jury on August 9, 1989. On appeal, appellant claims that there was insufficient evidence to sustain his conviction since it was not established that the deputy sheriff was arresting appellant for a felony or that the appellant resisted arrest by means other than flight. Appellant also argues that there was no evidence with which to conclude that appellant knew that the deputy was an officer of the law.

The statute pertaining to resisting or interfering with arrest, RSMo § 575.150, provides:

1. A person commits the crime of resisting or interfering with arrest if, knowing that a law enforcement officer is making an arrest, for the purpose of preventing the officer from effecting the arrest, he:

(1) Resists the arrest of himself by using or threatening the use of violence or physical force or by fleeing from such officer; ...

. . . . .

(3) It is no defense to a prosecution under subsection 1 of this section that

the law enforcement officer was acting unlawfully in making the arrest. However, nothing in this section shall be construed to bar civil suits for unlawful arrest.

(4) Resisting, by means other than flight, or interfering with an arrest for a felony is a class D felony; otherwise, resisting or interfering with arrest is a class A misdemeanor.

Our Supreme Court has held that this statute makes resisting arrest a felony offense only if the underlying offense is a felony and the resistance is accomplished by a means other than flight. *State v. Furne*, 642 S.W.2d 614, 616 (Mo. banc 1982). Appellant seizes upon *Furne* and argues that, because the deputy sheriff did not observe an actual transaction taking place but only observed appellant with marijuana in his truck, the underlying offense for which the deputy sought to arrest appellant was merely a misdemeanor. However, while the evidence does suggest that a drug transaction may not have taken place, the relevant inquiry to determine whether appellant's resistance constituted a felony is not whether the appellant is guilty of the underlying charge.

■■■ A person does not enjoy the right to resist any arrest, even an unlawful one, by a known police officer. *State v. Thomas*, 625 S.W.2d 115, 121 (Mo.1981); *State v. Winkelmann*, 776 S.W.2d 44, 45 (Mo.App., E.D.1989); RSMo § 575.150(3). Hence, it is no defense to the charge of resisting arrest that the officer was without probable cause to make the arrest, was acting in furtherance of a law found to be unconstitutional or that there existed no valid basis with which to arrest the purported violator. *Thomas*, 625 S.W.2d at 121; *Winkelmann*, 776 S.W.2d at 45. What is required is that the arresting officer, at the least, contemplate making an arrest and, in our case, that the deputy contemplate making a felony arrest. *State v. Wanner*, 751 S.W.2d 789, 791 (Mo.App., E.D.1988).

In *Wanner*, a police officer heard a motorcycle accelerate and, when he was able to trace the source of the noise to defendant's motorcycle, he attempted to pull de-

fendant over. The defendant stopped his bike on the side of the road but headed off again after the officer exited his police car. *Id.* at 790. Eventually, defendant led a high speed chase which culminated in defendant's being shot once by an officer who was attempting to stop him. *Id.*

This court reversed the defendant's conviction of resisting arrest, however, since it was not established that the officer intended to arrest defendant when he pulled him over. *Id.* at 791. Indeed, the officer testified that he only intended to "warn" the defendant about his driving, he did not intend to arrest him. *Id.* Therefore, the defendant did not resist an arrest.

In our case, however, the deputy sheriff clearly approached appellant and Stacy intending to collar a drug buyer and seller. The deputy called the sheriff's office immediately prior to approaching appellant's car because he believed the deal had "gone down." The deputy in our case was planning to arrest appellant for the sale of marijuana.

The testimony of the arresting officer regarding the arrest is sufficient evidence to sustain appellant's conviction. *State v. Miller,* 778 S.W.2d 292, 293 (Mo.App., W.D. 1989). The fact that the deputy sheriff did not immediately state his intention to arrest appellant does not place our case within the holding of *Wanner.* When the deputy did inform appellant that he was arrested, appellant continued to resist. Point denied.

■ Appellant also claims that his sole means of resisting was by flight. If this were true, appellant could not be convicted of felony resisting arrest. However, the evidence was clear that appellant did more than merely flee from the scene.

Both the deputy and Stacy testified that appellant's truck struck the deputy. The deputy sheriff held on to the appellant's truck for sixty feet while appellant sped toward the highway, partially dragging the deputy with him. The deputy testified that he experienced sore ribs and a cut on his right ear as a result of appellant's "flight." There was clearly sufficient evidence to prove that appellant's resistance was by a

means other than flight and we will not waste further analysis on this point.

■ Likewise, we find sufficient evidence to support the finding that appellant knew that the deputy was an officer of the law. Stacy testified that the deputy identified himself and was displaying a badge as he approached appellant's truck. The deputy, who was wearing a hat which proclaimed his affiliation with the sheriff's department, went so far as to place his badge onto the window of appellant's truck so that appellant could clearly understand the deputy's authority. Point denied.

Appellant's sole point of error in the denial of his Rule 29.15 motion is that he was deprived of due process of law and deprived of an independent judicial evaluation of the merits of his motion since the court adopted, verbatim, the State's proposed findings of fact and conclusions of law. However, not only does appellant fail to cite any authority for his proposition, appellant did not include a copy of the State's proposed findings in the legal file.

The State appears to suggest that the appellant's claim is based on the State's motion in support of summary judgment, which is included in the file. This document is a full nine pages long. The court's order is only three pages in length and is not a verbatim recreation of any document in our file. The court's denial of appellant's Rule 29.15 motion is affirmed.

Appellant's conviction and sentence are affirmed in their entirety.

CRANDALL, C.J., and CRIST, J., concur.