Richard DeCLUE, Movant,

v.

STATE of Missouri, Respondent.

No. ED 75446.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 5, 1999.

Gwenda R. Robinson, Asst. Public Defender, St. Louis, for movant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen Pope Butler, Asst. Atty. Gen., Jefferson City, for respondent.

MARY K. HOFF, Judge.

Richard DeClue (Movant) appeals from the motion court's judgment denying his Rule 24.035 post-conviction relief motion after an evidentiary hearing. State now concedes there was an insufficient factual basis for Movant's guilty plea to the felony resisting arrest charge. We reverse and remand for the court to vacate and set aside Movant's conviction for felony resisting arrest due to the insufficient factual basis for the plea.

Movant was charged by a second amended information with the class D felony of resisting arrest, Section 575.150 RSMo Cum.Supp.1996, and as a prior and persistent offender, Sections 558.016 RSMo 1994 and 557.036.4 RSMo Cum. Supp.1996. Movant entered a plea of guilty and was sentenced to a term of four

and one-half years in the Department of Corrections.

Movant filed a *pro se* Rule 24.035 motion to vacate, set aside or correct the judgment or sentence, which was later amended by counsel. After an evidentiary hearing, the motion court[1] entered its Findings of Fact, Conclusions of Law, Judgment and Order (judgment) denying Movant's Rule 24.035 motion.

In its judgment, the motion court found in relevant part that: at the plea hearing, the judge "read all of the elements of the charge of felony resisting arrest and Movant admitted his guilt"; "Movant testified at the evidentiary hearing that he knew he was originally charged with a felony assault and he knew he was pleading guilty to felony resisting arrest"; and "Movant was informed of the facts of his case and he made a knowing and voluntary plea." The motion court noted a plea must not be entered unless it has a factual basis. Moreover, the motion court stated, the plea's factual basis need not be established by the pleading defendant's testimony but may be established by facts recited by the judge or prosecutor that are understood by the defendant at the time of the plea. The motion court ultimately concluded "Movant has failed to establish any basis in law to have his sentence vacated, set aside or corrected." Movant appeals.

On appeal, Movant argues the motion court erred in denying his Rule 24.035 post-conviction relief (PCR) motion because: (1) Movant received ineffective assistance of counsel in violation of the United States and Missouri Constitutions which rendered his guilty plea unknowing, unintelligent, and involuntary; (2) there was no factual basis for Movant's plea of guilty to the class D felony of resisting arrest; and (3) the court erroneously sentenced Movant in excess of the statutory maximum for his offense. Because we find

[1] The motion court judge did not preside over the underlying plea and sentencing proceedings.

Movant's second point dispositive of this appeal, we will not address Movant's other two points.

■ In support of his second point, Movant contends the records of his plea and evidentiary hearing do not establish that he was being arrested for the charge of felony assault, which he argues is required for his conviction of felony resisting arrest. For the first time, on appeal State concedes, "In view of the fact that the factual basis for [Movant's] plea of guilty to felony resisting arrest[ ] did not state whether [Movant] was arrested for a felony or a misdemeanor, the factual basis was insufficient. Therefore, [Movant's] conviction must be vacated and set aside." We agree.

Our review of the motion court's findings and conclusions on a Rule 24.035 motion is limited to determining whether those findings and conclusions are clearly erroneous. Rule 24.035(k). "[I]n other words, after a review of the whole record, are we left with the definite and firm impression a mistake has been made?" *State v. Taylor,* 929 S.W.2d 209, 224 (Mo. banc 1996), *cert. denied,* 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997).

■ Rule 24.02(e) states, "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Therefore, the plea court must "determine facts which defendant admits by his plea and that those facts would result in defendant being guilty of the offense charged." *Hoskin v. State,* 863 S.W.2d 637, 639 (Mo.App. E.D. 1993). If the facts presented to the court during a proceeding on a guilty plea do not establish the commission of the offense, the court should reject the guilty plea. *State v. Morton,* 971 S.W.2d 335, 340 (Mo. App. E.D.1998). A factual basis for a plea of guilty is established if the defendant understands the facts presented at the guilty plea proceeding. *Id.* The defendant should "express[ ] an awareness of the nature and elements of the charge to which

he or she pleads guilty." *Vann v. State,* 959 S.W.2d 131, 134 (Mo.App. S.D.1998).

Here, Movant was charged with felony resisting arrest under Section 575.150 RSMo Cum.Supp.1996, which states the following in relevant part:

1. A person commits the crime of resisting arrest or interfering with arrest, if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, . . . for the purpose of preventing the officer from effecting the arrest, . . . the person:

(1) Resists the arrest . . . of such person by using or threatening the use of violence or physical force or by fleeing from such officer; . . .

\* \* \*

■ 4. Resisting, by means other than flight, or interfering with an arrest for a felony is a class D felony; otherwise, resisting or interfering with arrest is a class A misdemeanor.

Under Section 575.150 RSMo Cum.Supp. 1996, the crime of resisting arrest may be either a felony or a misdemeanor. "[R]esisting arrest is a felony offense only if the underlying offense is a felony and the resistance is accomplished by a means other than flight." *State v. Furne,* 642 S.W.2d 614, 616 (Mo. banc 1982); *State v. Burton,* 801 S.W.2d 380, 381 (Mo.App. W.D.1990); *State v. Polzin,* 859 S.W.2d 254, 255–56 (Mo.App. S.D.1993). The relevant inquiry is not whether defendant is guilty of the charge for which he was arrested, but whether the arresting officer contemplated making a felony arrest. *State v. Merritt,* 805 S.W.2d 337, 339 (Mo.App. E.D.1991).

In the case before us, we find the court clearly erred in accepting Movant's plea of guilty to felony resisting arrest because the court failed to establish a proper factual basis for that offense, in violation of Rule 24.02(e). During the presentation of the factual basis for the plea of guilty to

felony resisting arrest at the plea hearing, the following occurred in relevant part:

THE COURT: All right. By pleading guilty are you admitting first Count I on or about the 21st day of November, 1996, at 1501 Hawkins, in St. Louis County, you interfered— or a police officer was making an arrest of you for the charge of Assault, and knowing that he was making an arrest you resisted that arrest using or threatening to use violence or physical force against the officer?

THE DEFENDANT: Yes, Your Honor.

This was the only colloquy during the plea proceeding when the facts surrounding the charged felony resisting arrest was addressed or discussed. There was no other occasion during the plea proceeding when the court, State or Movant recited or discussed the facts supporting this offense. Nor was there any reading at the plea hearing of the second amended information, which expressly stated the officer "was making an arrest of the [Movant] for felony assault." No arresting officer's testimony or report was introduced or discussed at the plea proceeding. Thus, during the plea proceeding it was not established that Movant was resisting an arrest for a felony assault charge.

As State points out, although Movant agreed with the above facts and continued to plead guilty, Movant testified in his post-conviction evidentiary hearing that he was arrested for assault in the third degree which is a misdemeanor, not a felony. Section 565.070 RSMo 1994. The following discussion regarding assault in the third degree took place at Movant's post-conviction evidentiary hearing:

[STATE]: You were originally charged in this case with assault in the first degree and felony resisting arrest, is that correct?

[DEFENSE COUNSEL]: Objection, your Honor. She is trying to impeach him with just a charge rather than a conviction. That's impermissible.

THE COURT: Overruled.

[MOVANT]: Those were the charges that were thrown out in the preliminary hearing.

[STATE]: The assault in the first degree charges?

[MOVANT]: Yes. It didn't happen.

[STATE]: You knew that that's what you were arrested for?

[MOVANT]: *No. I was arrested for third degree assault, domestic dispute, was what I was booked in on that night.*

[STATE]: You knew you were originally charged with assault in the first degree?

[DEFENSE COUNSEL]: Objection, your Honor. Again—

\* \* \*

THE COURT: Sustained.

[STATE]: Your Honor, he's alleged that there is no factual basis for his plea and his PCR motion. I'm trying to establish that he did, in fact, know that he was charged originally with felony assault.

[DEFENSE COUNSEL]: Your Honor, I would object to her trying to lay a factual basis here. A factual basis is determined from the transcript. The transcript says that there is no factual basis.

I object to the prosecutor testifying. I object to her trying to lay the foundation for a factual basis for a plea which is null and void at this hearing.

THE COURT: Overruled.

[STATE]: You knew you were originally charged with felony assault and felony resisting arrest, is that correct?

[MOVANT]: At what point in time?

[STATE]: Before the preliminary hearing.

[MOVANT]: *Before the preliminary hearing I was under the impression that that was still what the original arrest was. I was arrested that night*

*for third degree assault, domestic dispute.*

*That's why I couldn't understand whenever he said that the resisting arrest had been enhanced to a felony because I was arrested for a felony, but I was not arrested for a felony. It was later turned into a felony based on the police officer's report and the police officer's report had no grounds—-*

[STATE]: [Movant], you were aware at some point that you were charged by the State of Missouri with felony assault, is that right?

\* \* \*

[DEFENSE COUNSEL]: Your Honor, I object again. This is not relevant to this proceeding.

\* \* \*

THE COURT: ... Overrule the objection. Ask the question one more time then move on.

[STATE]: You knew that you were charged by the State of Missouri with felony assault?

\* \* \*

[MOVANT]: Yes.

(Emphasis added).

The post-conviction evidentiary hearing testimony by Movant only showed Movant was *charged* with felony assault. State failed to present evidence at the plea hearing or, to the extent it is relevant, at the post-conviction evidentiary hearing that Movant was *arrested* for felony assault and understood that at the time of his guilty plea.

Contrary to the motion court's findings, we conclude the record before us does not reflect Movant acknowledged the precise nature and elements of the felony resisting arrest charge, which included an underlying arrest for a felony, during the plea proceeding. *See Vann,* 959 S.W.2d at 134. Our record does not indicate State presented at the plea hearing any facts that

an arresting officer intended to arrest Movant for felony assault or that Movant was arrested for a felony. *See Merritt,* 805 S.W.2d at 339. Without facts in the record to establish Movant's arrest was for an underlying felony offense, we find, and State now concedes, there was an insufficient factual basis for Movant's guilty plea to felony resisting arrest.

Therefore, the motion court's judgment was clearly erroneous. Rule 24.035(k). We reverse and remand for the court to vacate and set aside Movant's conviction due to the insufficient factual basis for the plea.

The motion court's judgment is reversed and remanded.

WILLIAM H. CRANDALL, Jr., P.J. and KENT E. KAROHL, J., Concur.