**STATE of Missouri, Plaintiff–Respondent,**

v.

**Dimitri M. BELL [1], Defendant–Appellant.**

**No. 23415.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 30, 2000.

Rosalynn Koch, Asst. Public Defender, Columbia, Missouri, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, for Respondent.

JAMES K. PREWITT, Judge.

Following a jury trial, Defendant was convicted of the class D felony of interfering with an arrest. § 575.150, RSMo Supp. 1996. He was sentenced as a prior and persistent offender to seven years' imprisonment.

On appeal, Defendant has one point relied on, asserting that the evidence was insufficient to prove him guilty of a felony charge of interfering with the arrest of Kenneth Campbell because "the evidence failed to establish beyond a reasonable doubt that Officer Roberts was making a felony arrest."

The following facts were adduced at trial. At 1:30 a.m. on June 11, 1999, police officer Rollin Roberts was patrolling an area of Cape Girardeau as bars in the area were closing. Roberts stopped his car when a man waved at him. Roberts rolled down his window. The man, Gregg Campbell, began cursing at him. Roberts radioed for help and attempted to arrest Campbell for violation of a municipal noise ordinance.

Roberts attempted to handcuff Campbell, but Campbell refused to place his hands behind his back. Roberts sprayed Campbell with pepper mace. Campbell approached Roberts with a clenched fist, and Roberts struck him with his baton. Campbell "stomp-kicked" Roberts in the chest, knocking him to the ground. Campbell's brother, Kenneth Campbell, ran up and together the two began stomping Roberts in the face, chest and body. The officer later testified that he believed the brothers delivered fifteen kicks each and that he feared for his life.

Two other officers arrived and broke up the fight. Kenneth Campbell ran down the street, and Roberts chased him. Rob-

---

1. The record contained various spellings of Appellant's first name. We have used the spelling from the Information filed in this matter.

erts attempted to arrest Kenneth Campbell, but he resisted. A large crowd had formed, and when two other officers arrived to assist Roberts, the crowd attempted to stop them from advancing on the scene. Some people in the crowd began throwing rocks at the officers.

Roberts noticed Dimitri Bell (Defendant) throwing rocks and told him to leave. Defendant responded, "You don't know who you're messing with." Defendant was later charged with assault of a law enforcement officer in the second degree, rioting, and interfering with an arrest. *See* § 565.082(1), RSMo 1994; § 574.050, RSMo 1994; and § 575.150, RSMo Supp. 1996.

The State dismissed the rioting charge prior to trial. At trial, the jury acquitted Defendant of the assault charge, but found him guilty of interfering with Kenneth Campbell's arrest. Defendant was convicted of the class D felony of interfering with a felony arrest.

■ The State asserts that any review here is for plain error only, as Defendant's present theory was not asserted at trial. Rule 30.20 provides that "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." If the evidence was not sufficient to sustain a conviction, plain error affecting a substantial right is involved from which manifest injustice must have resulted. Thus, the issue will be considered on appeal even though it was not properly preserved. *State v. White,* 439 S.W.2d 752, 753 (Mo.1969); *State v. Moriarty,* 914 S.W.2d 416, 422 (Mo.App.1996). Accordingly, we review Defendant's point.

Section 575.150.1, RSMo Supp.1996, defines the crime of resisting or interfering with an arrest. It provides:

A person commits the crime of resisting or interfering with an arrest if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:

(1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer; or

(2) Interferes with the arrest, stop or detention of another person by using or threatening the use of violence physical force or physical interference.

■ Interfering with an arrest for a felony is a class D felony, otherwise it is a class A misdemeanor. § 575.150.4. Defendant does not dispute that there was evidence that Kenneth Campbell assaulted a law enforcement officer, which could have been a felony under § 565.081, RSMo 1994, or that Kenneth Campbell was arrested.[2]

To find Defendant guilty, the jury was instructed that they had to find that when Defendant interfered, the officers "were making an arrest of Kenneth Campbell for Assault of a Law Enforcement [sic] in the First Degree." There was, however, no direct evidence presented that indicated for what charge Kenneth Campbell was arrested.

It appears, then, that the question is whether it would be reasonable for a jury to conclude beyond a reasonable doubt that, when Defendant interfered, the officer was attempting an arrest for a felony under § 565.081.

2. Section 565.081, RSMo 1994, provides:

**565.081. Assault of a law enforcement officer in the first degree, penalty.**—1. A person commits the crime of assault of a law enforcement officer in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to a law enforcement officer.

2. Assault of a law enforcement officer in the first degree is a class A felony.

In determining this question, this Court must consider all substantial evidence and inferences drawn therefrom in the light most favorable to the jury's verdict, and must reject evidence and inferences contrary thereto. *State v. VanOrman,* 642 S.W.2d 636, 637 (Mo.1982).

Assault was not the only basis shown in the evidence for which Kenneth Campbell could have been arrested. He might have been arrested for interfering with the arrest of his brother, Gregg. However, even if we assume that Kenneth Campbell was being arrested for assault, this still is not an easy question. Although 565.081, assault of a law enforcement officer in the first degree, is one basis for which Kenneth Campbell could have been arrested, in certain situations, assault of a law enforcement officer can also be a misdemeanor. § 565.083 RSMo 1994. There are also assaults in general which may be misdemeanors, § 565.070, RSMo 1994, as well as possible municipal ordinance violations.[3]

Defendant cites *DeClue v. State,* 3 S.W.3d 395 (Mo.App.1999) and *State v. Burton,* 801 S.W.2d 380 (Mo.App.1990). The issue in *DeClue* was whether the State showed a sufficient factual basis for a movant's guilty plea to the felony charge of resisting arrest. The movant contended that he was arrested for misdemeanor assault, and on appeal the court found that it was not established at the plea hearing that the movant was resisting an arrest for a felony assault charge. *Burton* involved an arrest for driving while intoxicated, which can be either a felony or misdemeanor, depending upon circumstances not shown in defendant's trial for felony resisting arrest.

The parties both cite *State v. Merritt,* 805 S.W.2d 337 (Mo.App.1991). In that case, there apparently was direct evidence that the defendant was being arrested for a felony, thus supporting a felony charge of resisting arrest.

There was no reasonable basis in either *DeClue* or *Burton* for the fact finder to determine if the officer attempted the arrest for the commission of a felony or a misdemeanor. In the present case, it may have been probable that Kenneth Campbell was being arrested for felony assault on a law enforcement officer, as there was evidence of a severe and prolonged attack upon the arresting officer by Kenneth Campbell and his brother, Gregg Campbell. But the evidence falls short of establishing this basis for arrest beyond a reasonable doubt. There was a variety of charges for which Kenneth Campbell could have been arrested. It would have been simple for the State to show what the officer was arresting Campbell for. Failing to show this, when it could have been easily established, casts doubt on the State's contentions. Defendant's point is well taken.

Outright reversal is not required, as the evidence left no doubt that Defendant did interfere with an arrest and the jury so found. Therefore, in accordance with the holdings in such cases as *State v. O'Brien,* 857 S.W.2d 212, 220 (Mo. banc 1993) and *State v. Granger,* 966 S.W.2d 27, 29–30 (Mo.App.1998), the judgment of conviction for the class D felony of interfering with an arrest is to be set aside and a judgment of conviction for the class A misdemeanor of interfering with an arrest shall be entered and Defendant sentenced accordingly. The cause is remanded for the trial court to so proceed.

BARNEY, C.J., and CROW, J., concur.

---

**3.** Neither party contends that § 565.082, RSMo 1994, stating the crime of "assault of a law enforcement officer in the second degree" is relevant here.