# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1209
_____

Deandre Walls

*Defendant - Appellant*

v.

United States of America

*Plaintiff - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: August 10, 2018
Filed: August 15, 2018
[Unpublished]

_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Deandre Walls directly appeals the above-Guidelines-range sentence the district court[1] imposed upon revoking his supervised release. In counseled and pro

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

se briefs, Walls challenges the district court's classification of his most serious violation as a Grade B violation, challenges his sentence as substantively unreasonable, and raises arguments concerning double jeopardy and equal protection. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

After review of the record, this court concludes that the district court did not clearly err in finding that a Grade B violation had been established. *See United States v. Miller*, 557 F.3d 910, 914-18 (8th Cir. 2009) (standard of review); Mo. Rev. Stat. § 575.150.1(1) (person resists arrest by fleeing from an officer), .5 (resisting arrest for a felony is a class D felony); U.S.S.G. § 7B1.1(a)(2) (offense punishable by term of imprisonment exceeding 1 year is Grade B violation); *State v. Merritt*, 805 S.W.2d 337, 339 (Mo. Ct. App. 1991) (defendant need not be guilty of underlying felony to be convicted of resisting arrest for a felony; rather, arresting officer need only contemplate making felony arrest).

This court also concludes that the district court did not impose an unreasonable sentence. *See Miller*, 557 F.3d at 915-18 (substantive reasonableness of revocation sentence is reviewed under deferential abuse-of-discretion standard). The record reflects that the district court considered and discussed relevant 18 U.S.C. § 3553(a) factor—including that Walls had multiple release violations within weeks of his release; and in fleeing arrest, he endangered police officers' lives—and imposed a sentence that was below the statutory limit. *See* 18 U.S.C. § 3583(e)(3) (maximum revocation prison term is 5 years if underlying offense is Class A felony); *United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004) (district court need not mechanically list every § 3553(a) factor when sentencing defendant upon revocation; all that is required is consideration of relevant matters and some reason for court's decision). Additionally, Walls's pro se double jeopardy and equal protection claims—which are both based on his assertion that he was wrongfully "tried twice" for the same offense—are without merit. *See United States v. Bennett*, 561 F.3d 799, 802 (8th Cir. 2009) (revocation of supervised release does not raise double jeopardy

concerns because revocation proceedings are not criminal prosecutions, and revocation of supervised release is a penalty attributable to the original conviction).

The court affirms the judgment of the district court, and grants counsel's motion to withdraw.

_____