

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI, )
         )
        Respondent, )
         )
v. )
         )
CHARLES C. SHAW III, )
         )
        Appellant. )

*Opinion issued December 10, 2019*

No. SC97605

## APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY
The Honorable Michael O. Hendrickson, Judge

Charles C. Shaw III appeals from a judgment of conviction on one count of first-degree assault, § 565.050, and one count of felony resisting arrest, § 575.150.[1] Shaw argues the circuit court erred in overruling his motion for judgment of acquittal because the evidence was insufficient to support his conviction of felony resisting arrest. Because the State presented sufficient evidence to support a finding beyond a reasonable doubt that Shaw resisted an arrest for an offense and that offense constitutes a felony as a matter of law, the circuit court's judgment is affirmed.

---

[1] Statutory citations are to RSMo Supp. 2013, unless otherwise noted.

**Factual and Procedural Background**

Charles Shaw was outside Harvest Assembly Church in Fair Play, Missouri, on May 19, 2013. During a church service, a parishioner stepped outside the church with his two-year-old son, and Shaw approached him. Shaw aggressively told the parishioner, "I'm the sorriest, sickest mother-[expletive] alive and I need someone to kick my [expletive]." Attempting to calm Shaw, the parishioner offered to find someone to assist him inside the church, but Shaw continued to act aggressively, dropping his head while approaching the parishioner and his young son.

When he got within arms' length, Shaw attacked the parishioner with his fists while the parishioner was still holding his son. The parishioner was able to block Shaw's blows with his forearm, but not without sustaining injuries. The parishioner retreated to the parking lot, but Shaw pursued him, continuing to shout profanities, threatening the parishioner, and threatening to kidnap the parishioner's child. The parishioner eventually was able to reenter the church with his son. The church doors were locked, and another parishioner called 911. The locked doors prevented Shaw from entering the church, but he remained on the church premises.

Missouri State Highway Patrolman Mark Mason responded to the 911 call. When he arrived at the scene, Trooper Mason observed Shaw pressed against the main doors of the church, peering inside. Trooper Mason tried to engage Shaw in conversation, but Shaw ignored the Trooper's attempts at deescalation. Shaw instead charged Trooper Mason and began throwing punches. Trooper Mason avoided Shaw's attack and sprayed him with pepper spray. With the help of several parishioners, Trooper Mason subdued Shaw on the

2

ground, handcuffed him, and placed him under arrest. Shaw remained combative throughout the arrest process and threatened to kill everyone at the scene.

The State charged Shaw with first-degree felony assault of the parishioner, felony attempted child kidnapping, and felony resisting arrest. His case proceeded to a bench trial. During the trial, the State called Trooper Mason to testify. The State asked Trooper Mason why he arrested Shaw. The trooper responded he arrested Shaw "for an attempted assault on me."

Shaw moved for judgment of acquittal on all counts at the close of the State's evidence. The circuit court heard arguments and concluded the State failed to present sufficient evidence on the attempted kidnapping count and accordingly sustained Shaw's motion as to that count. The circuit court overruled Shaw's motion as to the other counts and subsequently found Shaw guilty of assault in the first degree and felony resisting arrest. The circuit court sentenced Shaw to consecutive sentences of ten years' imprisonment for first-degree assault and three years' imprisonment for felony resisting arrest. Shaw timely appealed his felony resisting arrest conviction. This Court granted transfer after opinion by the court of appeals.[2]

### Standard of Review

Because Shaw challenges the sufficiency of the evidence presented at trial, this Court must be mindful of and take care to apply the relevant standard of review. When reviewing the sufficiency of the evidence, the standard of review on appeal from a bench-

---

[2] Mo. Const. art. V, § 10; Rule 83.02.

3

tried case is the same as the standard used on appeal of a case tried to a jury. *State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992). "To determine whether the evidence presented was sufficient to support a conviction . . . , this Court does not weigh the evidence but rather accept[s] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict." *State v. Clark*, 490 S.W.3d 704, 707 (Mo. banc 2016) (alteration in original). The Court will "ignore all contrary evidence and inferences." *State v. Latall*, 271 S.W.3d 561, 566 (Mo. banc 2008). "Evidence is sufficient to support a conviction when there is sufficient evidence from which a reasonable [fact-finder] might have found the defendant guilty beyond a reasonable doubt." *Clark*, 490 S.W.3d at 707 (quotation omitted).

**Analysis**

Shaw argues the circuit court erred in overruling his motion for judgment of acquittal on the felony resisting arrest count because there was insufficient evidence presented to support a finding of guilt.[3] Shaw contends the State failed to carry its burden on the felony resisting arrest count because there was insufficient evidence to establish Trooper Mason subjectively contemplated arresting Shaw for a felony offense at the time of the arrest. But Shaw's argument lacks merit, as the relevant inquiry is not whether Trooper Mason subjectively contemplated arresting Shaw for a felony offense. Rather, the relevant inquiries turn on whether the State presented sufficient evidence that Shaw resisted arrest for an offense and whether that offense objectively constitutes a felony as a matter

---

[3] Shaw does not appeal his first-degree assault conviction.

4

of law.  § 575.150.1.  Because the State presented evidence to support a finding beyond a reasonable doubt that Shaw resisted arrest for an offense, the State presented sufficient evidence to support Shaw's felony resisting arrest conviction.  Moreover, the offense for which Shaw resisted arrest constitutes a felony as a matter of law; therefore, the circuit court did not err in finding Shaw guilty of felony resisting arrest pursuant to § 575.150.5(1).

## I.  The resisting arrest statute

Under § 575.150.1, a person commits the offense of resisting arrest if:

(1) he knew or reasonably should have known that a law enforcement officer was making an arrest; (2) he resisted that arrest by using or threatening to use violence or physical force or by fleeing from the officer; and (3) he did so for the purpose of preventing the officer from completing the arrest.

*State v. Pierce*, 433 S.W.3d 424, 434 (Mo. banc 2014).  The offense of resisting arrest can be either a felony or misdemeanor.  *State v. Furne*, 642 S.W.2d 614, 616 (Mo. banc 1982) (applying a similar, former version of § 575.150).  Of specific relevance to this case, § 575.150.5(1) enhances the offense of resisting arrest from a misdemeanor to a felony if the person is "[r]esisting . . . an arrest … **for a . . . [f]elony**." (Emphasis added).[4]  This provision requires the State to establish the arrest initiated by the arresting officer and resisted by the defendant was "for a felony."  This Court, therefore, must discern the meaning of the phrase "for a felony" to determine whether sufficient evidence was presented to support a felony resisting arrest conviction under § 575.150.5(1).

---

[4]  The revised criminal code, enacted in 2014, continues to enhance the offense of resisting arrest to a felony if the underlying arrest was for a felony.  *See* § 575.150.5(1), RSMo 2016.

*A. The term "felony" as used in § 575.150.5(1) means an offense that legally constitutes a felony*

To determine the meaning of the phrase "for a felony," the Court must first determine the meaning of the term "felony." A felony is a type of criminal offense. *See* § 556.016.1, RSMo 2000 (providing criminal offenses "defined by this code or by any other statute of this state . . . are classified as felonies and misdemeanors").[5] All criminal offenses in Missouri are creatures of statute. *See* §556.026, RSMo 2000 ("No conduct constitutes an offense unless made so by this code or by other applicable statute.").[6] Because felonies are a type of criminal offense, felonies exist only by operation of statute. Some felonies are expressly designated felonies by the statute creating and defining the offense. *See* § 565.081.7 (providing the offense assault of a law enforcement officer in the first degree is a "class A felony"). Other felonies are not specifically denominated felonies but nevertheless constitute felonies by operation of the authorized range of punishment provided by statute for that offense.[7] *See* § 556.016.2, RSMo 2000 (providing an offense is a "felony" if "persons convicted thereof may be sentenced to death or imprisonment for a term which is in excess of one year").[8]

---

[5] This remains true under the revised criminal code, where "[o]ffense" is defined as "any felony or misdemeanor." § 556.061(35), RSMo 2016.

[6] This also remains true under the revised criminal code. *See* § 556.026, RSMo 2016.

[7] This remains true under the revised criminal code, "[f]elony" is defined as "an offense so designated or an offense for which persons found guilty thereof may be sentenced to death or imprisonment for a term of more than one year." *See* § 556.061(26), RSMo 2016.

[8] For example, the offense of armed criminal action is not expressly denominated a felony by the statute creating and defining the offense, § 571.015, but it nevertheless constitutes a felony pursuant to § 556.016.2 because the authorized punishment is a term of imprisonment not less than three years. § 571.015.1.

Regardless of whether a felony is designated as such expressly by statute or by operation of the statutorily authorized punishment for the offense, determining whether a criminal offense is actually a felony under Missouri law requires reading and interpreting one or more statutes. Issues of statutory interpretation are questions of law. *Middleton v. Mo. Dep't of Corrections*, 278 S.W.3d 193, 195 (Mo. banc 2009). Determining whether a particular offense is a felony is purely a question of law, and the term "felony" as used in § 575.150.5(1) means an offense that constitutes a felony as a matter of law.

> ### B. The term "for" as used in § 575.150.5(1) means "because of" or "on account of"

The Court must next discern what it means to resist an arrest "for" a felony. There is no statutory definition for the term "for" as used in the phrase "for a felony" in § 575.150.5(1). When a term is not defined by statute, this Court will give the term its "plain and ordinary meaning as derived from the dictionary." *Mo. Pub. Serv. Comm'n v. Union Elec. Co.*, 552 S.W.3d 532, 541 (Mo. banc 2018). Webster defines the word "for" to mean, in relevant part, "because of" and "on account of." Webster's New Int'l Dictionary 886 (3d ed. 2002). This common meaning indicates § 575.150.5(1) requires there to be a nexus between the commission of a felony and the officer's attempt to make an arrest.[9]

---

[9] The opinion concurring in result is correct that the nexus required by § 575.150.5(1) does not require the defendant to "be charged with or convicted of a felony." Nothing in the text of § 575.150 requires a person to be charged with or convicted of a felony to support a conviction of felony resisting arrest. *See State v. Stewart*, 296 S.W.3d 5, 8-9 (Mo. App. 2009) (affirming a conviction of felony resisting arrest even though the defendant was not charged with the underlying felony); *State v. Dickerson*, 499 S.W.3d 378, 379 (Mo. App.

*C. Evidence required to establish the arrest the defendant resisted was "for a felony"*

Section 575.150.5(1) enhances resisting arrest to a felony when law enforcement makes an arrest "for a felony." In light of the plain meaning of the term "for" set out above and the fact that all felonies are criminal offenses, the State must present sufficient evidence to support a factual finding beyond a reasonable doubt the defendant was arrested "because of" or "on account of" an offense to support a conviction of felony resisting arrest. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding "any fact that increases the penalty for a crime . . . must be submitted to [the factfinder], and proved beyond a reasonable doubt"). But whether the offense for which the defendant was arrested is actually a criminal offense that constitutes a felony under Missouri law is purely a question of law, which is up to the courts, not the factfinder, to determine.

Section 575.150.5(1), therefore, enhances resisting arrest to a felony if the State presents sufficient evidence that the defendant resisted an officer's attempt to make an arrest "because of" or "on account of" an offense, and the offense constitutes a felony as a matter of law. Having determined the meaning of the phrase "for a felony" and the requirements it imposes on the State to enhance resisting arrest to a felony, the Court can now address Shaw's arguments.

---

2016) (affirming a conviction of felony resisting arrest even though the jury acquitted the defendant of the underlying felonies). Section 575.150.5(1) merely requires the arrest to be "because of" or "on account of" an offense that constitutes a felony as a matter of law.

8

**II.     Shaw's Arguments**

Shaw argues the circuit court erred in overruling his motion for judgment of acquittal on the felony resisting arrest count because there was insufficient evidence presented to support a finding of guilt.  Shaw contends there was insufficient evidence because the State did not establish Trooper Mason subjectively contemplated arresting Shaw for a felony offense at the time of the arrest.  Shaw's argument lacks merit.

> *A. Section 575.150.5(1) does not require evidence of the arresting officer's subjective state of mind.*

Section 575.150.5(1) requires the State to establish that the arresting officer effectuated an arrest "because of" or "on account of" an offense that constitutes a felony as a matter of law.  The text of the statute does not require inquiry into the arresting officer's subjective reasons for initiating the arrest.  In fact, nothing in § 575.150.5(1) requires evidence of the arresting officer's subjective state of mind at any point during the arrest.  *See State v. Hopson*, 168 S.W.3d 557, 562 (Mo. App. 2005) (affirming a conviction of felony resisting arrest without testimony from the arresting officer as to the offense that prompted him to initiate the arrest).  Nor does § 575.150.5(1) require the State to produce evidence of the arresting officer's subjective understanding of the specific offense prompting the arrest or evidence of the officer's belief as to whether the offense constituted a felony or misdemeanor.  Rather, all § 575.150.5(1) requires the State to establish to the factfinder is the defendant resisted an officer's attempt to effectuate an arrest for an offense.  It is then up to the court, not the factfinder, to determine whether the offense constitutes a felony as a matter of law.  Section 575.150.5(1) requires evidence of an offense and a nexus

9

between the offense and the arresting officer's attempt to make an arrest. This showing does not require evidence of the arresting officer's subjective understanding of the offense that prompted the officer to effectuate the arrest.[10]

Although § 575.150.5(1) does not require the State to present evidence that the arresting officer subjectively intended to arrest a person for a felony offense, this is not to say the arresting officer's subjective intent for effectuating an arrest is irrelevant. To the contrary, such evidence is relevant and may be sufficient to support a conviction of felony resisting arrest pursuant to § 575.150.5(1).[11] But this is not because the officer's subjective intent for effectuating an arrest has any bearing on whether the defendant's act of resisting arrest should be a felony or a misdemeanor. Rather, the officer's subjective intent is relevant because this evidence explains what prompted the officer to make the arrest and, therefore, aids the factfinder in determining whether the defendant was arrested "because of" or "on account of" an offense.

---

[10] The following hypothetical demonstrates why it is unnecessary to establish the officer's subjective intent for effectuating the arrest. A victim could report a felony assault to a law enforcement agency. *See* § 565.050.2, RSMo 2000 (providing "[a]ssault in the first degree is a class B felony"). If there is probable cause to support the victim's claims, the agency may issue a pick-up order for the alleged perpetrator and place it into a law enforcement database. A law enforcement officer, who knows only that the individual is the subject of a pick-up order and not why the order was issued, could attempt to arrest the individual. If the individual resists the officer's attempted arrest, that individual could be guilty of felony resisting arrest because the arrest was prompted by the pick-up order and, therefore, "because of" or "on account of" the underlying offense of felony assault. Even though the arresting officer did not know why the person was the subject of a pick-up order, the arrest was nevertheless "for" an assault, which constitutes a felony as a matter of law.

[11] A review of the relevant case law suggests evidence of the arresting officer's subjective state of mind or reason for effectuating the defendant's arrest is typically the evidence the State presents to support a felony resisting arrest conviction.

10

*B. Sufficiency of the evidence*

Shaw challenges the sufficiency of the evidence presented at trial to convict him of felony resisting arrest pursuant to § 575.150.5(1). As explained above, § 575.150.5(1) requires the State to present evidence and prove beyond a reasonable doubt at trial that an officer attempted to arrest a person "because of" or "on account of" an offense. The standard of reviewing the sufficiency of the evidence on appeal, therefore, requires this Court to "accept as true all evidence tending to prove" Shaw was arrested "because of" or "on account of" an offense and to afford this evidence "all reasonable inferences that support the verdict." *Id*.

In this case, Trooper Mason testified he arrested Shaw "for an attempted assault on me." Accepting this evidence as true and affording it all reasonable inferences favorable to the verdict, this testimony was sufficient to establish Trooper Mason arrested Shaw "because of" or "on account of" the offense of attempting to assault a law enforcement officer.[12] *Clark*, 490 S.W.3d at 707.

Whether the offense for which Shaw was arrested is a criminal offense that constitutes a felony in Missouri is a question of law for the circuit court that is reviewed *de*

---

[12] Furthermore, the State presented evidence that Shaw committed other offenses prior to his arrest. There was evidence Shaw assaulted a parishioner as well as evidence that Shaw attempted to kidnap the parishioner's child. This evidence may support an inference that Trooper Mason arrested Shaw "because of" or "on account of" the offenses of assault or attempted kidnapping. Although the circuit court sustained Shaw's motion for judgment of acquittal on the attempted kidnapping count, § 575.150 does not require that a person be charged with or convicted of a felony to support a conviction of felony resisting arrest. *See Stewart*, 296 S.W.3d at 8-9; *Dickerson*, 499 S.W.3d at 379. But the Court need not decide this issue because Shaw's arrest for the offense of attempting to assault a law enforcement officer is sufficient to support his conviction of felony resisting arrest.

11

*novo* on appeal. *Middleton*, 278 S.W.3d at 195. Turning to the relevant statutes, this Court finds attempting to assault a law enforcement officer is a criminal offense in Missouri that constitutes a felony as a matter of law. *See* § 565.081 (providing "attempts to cause serious physical injury to a law enforcement officer" is a criminal offense and such offense "is a class A felony"). The legal question presented to the circuit court and reviewed *de novo* on appeal is whether the offense, attempting to assault a law enforcement officer, that prompted Trooper Mason's arrest as found by the factfinder constitutes a felony. If it does, then resisting the arrest is a felony regardless of whether that offense also constitutes a misdemeanor. *See* § 565.083.7 (providing attempts to assault a law enforcement officer "is a class A misdemeanor"). Section 575.150.5(1) enhances resisting arrest to a felony if the arrest is "for a felony," not if the arrest is **only** for a felony. For this reason, the legal question is whether the offense for which the arrest was attempted constitutes a felony, not whether it constitutes only a felony. Accordingly, Shaw's conviction is affirmed because the State introduced evidence to support a finding beyond a reasonable doubt that Shaw resisted Trooper Mason's attempt to arrest him "because of" or "on account of" an offense, which this Court determines constitutes a felony as a matter of law. § 575.150.5(1).

### C. The court of appeals' application of § 575.150

Shaw relies on several cases from the court of appeals to support his contention that the State must prove an arresting officer subjectively believed he or she was arresting a defendant for a felony offense to support a conviction of felony resisting arrest. But Shaw's reliance on those cases is misplaced. The first case Shaw cites is *State v. Merritt*, 805 S.W.2d 337 (Mo. App. 1991). In *Merritt*, a deputy sheriff, believing Merritt to be in the

process of conducting a drug transaction, approached Merritt and another individual to make an arrest. *Id*. at 338. At the time of Merritt's arrest, selling or distributing a controlled substance was a felony offense. *See* § 195.200.1(4), RSMo 1986 (setting the punishment for the "offense of selling . . . any controlled substance listed in Schedule I or II . . . by imprisonment . . . for a term of not less than five years nor more than life imprisonment"). When the deputy approached Merritt, he observed a bag of marijuana in Merritt's lap but never observed an actual sale of drugs take place. *Merritt*, 805 S.W.2d at 339. The deputy advised Merritt he was under arrest, but Merritt fled the scene in his vehicle, striking the deputy as he drove away. *Id*.

In affirming Merritt's conviction of felony resisting arrest, the court of appeals relied on *State v. Wanner*, 751 S.W.2d 789 (Mo. App. 1998), for the proposition that, to support a conviction of felony resisting arrest, the State must demonstrate "the arresting officer . . . contemplate[d] making a felony arrest." *Merritt*, 805 S.W.2d at 339. But the court's citation to *Wanner* for this proposition was misplaced because *Wanner* neither holds nor supports the argument that a law enforcement officer must contemplate making a felony arrest to support a conviction of felony resisting arrest. *Wanner* simply held a person cannot be guilty of resisting arrest if a law enforcement officer makes no attempt to effectuate an arrest in the first place. 751 S.W.2d at 791 ("The offense of resisting arrest hinges upon the fact that an **actual arrest** must at least be contemplated by a law enforcement officer." (emphasis added)). The *Wanner* court, therefore, used the word "contemplate" only to explain that an officer must take some action or manifest some intent to make an arrest to support a resisting arrest conviction. *Id*. *Wanner* does not stand for

13

the proposition that the arresting officer must subjectively understand or believe that he or she was effecting an arrest for a felony. Rather, *Wanner* holds only that there must be evidence that the officer was making an arrest to support a resisting arrest conviction. For this reason, *Merritt* improperly relied on *Wanner*, and Shaw is mistaken to rely on *Merritt*.

Shaw also relies on *State v. Jordan*, 181 S.W.3d 588, 592 (Mo. App. 2005), but this case also does not support his position because it erroneously applied *Merritt*'s misstatement of law that the State must prove the arresting officer subjectively "contemplated making a felony arrest" to support a conviction of felony resisting arrest. In *Jordan*, an off-duty police officer working secondary employment as a security guard noticed a vehicle operating without brake lights or a license plate. *Id*. at 590. The defendant, Jordan, was operating the vehicle. *Id*. When the officer stopped the vehicle and asked for Jordan's identification, Jordan became belligerent. *Id*. Because Jordan would not present his identification, the officer attempted to reach into the vehicle, place the vehicle in park, and turn off the ignition. *Id*. at 590-91. This caused Jordan to speed away, catching the officer's arm in the vehicle's window and striking the officer with the vehicle when he freed his arm. *Id*. at 591. The officer radioed for assistance, and several uniformed officers pursued Jordan through a residential neighborhood until he finally crashed into another officer's marked police vehicle. *Id*. When an officer reached into Jordan's crashed vehicle in an attempt to extract him, Jordan grabbed the officer by the arm and instigated an altercation. *Id*. The officers were eventually able to remove Jordan from his crashed vehicle and arrest him. *Id*.

14

A jury convicted Jordan of assaulting a law enforcement officer in the second and third degrees, armed criminal action, felony driving while intoxicated, felony driving while revoked, and felony resisting arrest. *Id*. at 590. Jordan appealed, and the court of appeals reversed the circuit court's judgment of conviction with respect to the felony resisting arrest count, finding the State failed to present sufficient evidence that the arresting officer contemplated arresting Jordan for a felony. *Id*. at 593. The court reasoned that, because "there were a variety of charges for which [Jordan] could have been arrested," the court could not say the evidence established that the arresting officer subjectively contemplated arresting Jordan for a felony offense beyond a reasonable doubt. *Id*. But this reasoning ignored the plain language of § 575.150.5(1), which provided then, as it does now, a person commits the offense of felony resisting arrest if the person resists an arrest "for a [f]elony." § 575.150.5(1), RSMo Supp. 2005.

The plain language of § 575.150.5(1) requires the State to prove only that the defendant resisted arrest "because of" or "on account of" an offense. Because there was evidence presented at trial that Jordan assaulted a law enforcement officer and committed driving while intoxicated and driving while revoked prior to resisting arrest, the evidence, taken as true and afforded all reasonable inferences favorable to the verdict, was sufficient to support a finding that Jordan resisted an officer's attempt to arrest him for an offense. Further, because assault on a law enforcement officer constitutes a felony as a matter of law, there was a legal basis to support a conviction of felony resisting arrest under § 575.150.5(1). *See* § 565.081, RSMo Supp. 2005 (providing assault of a law enforcement officer constituted a felony at the time of Jordan's offense).

15

Shaw's reliance on *State v. Bell*, 30 S.W.3d 206, 208 (Mo. App. 2000), likewise is misplaced because that case also involved the court of appeals reading a subjective state of mind requirement into § 575.150, RSMo 1996, and ignoring the standard of review. In *Bell*, a police officer attempted to arrest a man for violation of a municipal noise ordinance. 30 S.W.3d at 206. The man attacked the officer, knocked him to the ground, and, along with his brother, repeatedly kicked, stomped, and assaulted the officer. *Id*. Two more officers arrived to break up the fight. *Id*. The man and his brother fled the scene. *Id*. The first officer chased them down and attempted to arrest the man who had attacked him. *Id*. at 207. A large crowd of people had formed by this time, some of whom began throwing rocks at the officers. *Id*. The first officer noticed the defendant, Bell, was one of the persons throwing rocks. *Id*.

Bell was arrested and charged with second-degree assault of a law enforcement officer, rioting, and interfering with an arrest.[13] *Id.* A jury convicted Bell of felony interfering with the man's arrest. *Id*. The court of appeals reversed, holding that because there was "no direct evidence presented that indicated for what charge [the man] was arrested," the court could not say it was reasonable for the jury to find beyond a reasonable doubt that Bell interfered with an arrest that was for a felony. *Id*. The court reasoned, "it may have been probable that [the man] was being arrested for felony assault on a law

---

[13] § 575.150.1 sets out the elements of both resisting and interfering with arrest. Those two offenses differ only with respect to whether the defendant was the subject of the arrest or whether he or she interfered with the arrest of another. *Compare* § 575.150.1(1) *with* § 575.150.1(2). Section 575.150.5 provides that either resisting or interfering with an arrest is a felony offense if the underlying arrest was for a felony offense.

enforcement officer." *Id*. at 208. But the court concluded the evidence fell short of establishing the assault as the basis for the arrest beyond a reasonable doubt because "[t]here was a variety of charges for which [the man] could have been arrested," and "[i]t would have been simple for the State to show what the officer was arresting [the man] for." *Id*.

This reasoning, like the flawed reasoning employed by the court of appeals in *Jordan*, ignores the standard for reviewing the sufficiency of the evidence on appeal. The standard of review on appeal, as explained above, does not permit an appellate court to "weigh the evidence" but rather requires it to "accept[ ] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict." *Clark*, 490 S.W.3d at 707. Indeed, appellate courts must "ignore all contrary evidence and inferences." *Latall*, 271 S.W.3d at 566. In *Bell*, the State presented testimony that the man committed "a severe and prolonged attack upon the arresting officer by [the man] and his brother." 30 S.W.3d at 208. This evidence, taken as true and afforded all reasonable inferences favorable to the verdict, is sufficient to support a factual finding beyond a reasonable doubt that the man was being arrested "because of" or "on account of" the offense of assault of a law enforcement officer when Bell interfered with the arrest. Because assaulting a law enforcement officer constitutes a felony, there was a legal basis for the felony interfering with an arrest conviction. *See* § 565.081.7. The *Bell* court, therefore, erred by reversing Bell's conviction of felony resisting arrest because the State presented sufficient evidence to support a finding that Bell interfered with a person's arrest

for an offense that constitutes a felony as a matter of law. § 575.150.5, RSMo Supp. 1996.[14]

As these cases demonstrate, the court of appeals has latched onto *Merritt*'s erroneous statement that the State must prove an officer subjectively contemplated making a felony arrest and has mistakenly deemed such contemplation as necessary evidence to sustain a conviction of felony resisting arrest. But there is no such requirement under the statute, and this Court now overrules those prior cases to the extent they hold the State must present evidence of the arresting officer's subjective intent to arrest a defendant for a felony to support a conviction of felony resisting or interfering with arrest under § 575.150.5(1).

The plain language of § 575.150.5(1) does not necessitate proof of the officer's subjective intent to effectuate a felony arrest. Nor does the statute require law enforcement officers to determine whether an arrest is for a felony or a misdemeanor at the time of the arrest. Therefore, it is not incumbent upon law enforcement officers to testify about their subjective intent for making an arrest to support a conviction of felony resisting arrest under § 575.150.5(1). Furthermore, the standard of review on appeal of a judgment of conviction challenging the sufficiency of the evidence presented at trial does not permit an appellate court to weigh the evidence nor consider evidence and inferences contrary to the verdict. For this reason, even if the record contains evidence that could support a finding that the defendant was arrested for multiple offenses, some of which may not necessarily constitute felonies as a matter of law, an appellate court is bound by the standard of review

---

[14] The version of § 575.150 applied in *Bell* is substantially similar to the version applied in *Merritt*, *Jordan*, and the instant case.

to affirm a conviction of felony resisting arresting because the record contains evidence to support a finding beyond a reasonable doubt that a law enforcement officer arrested the defendant "on account of" or "because of" an offense that constitutes a felony as a matter of law.

## Conclusion

Because the State presented sufficient evidence to support a finding beyond a reasonable doubt that Shaw resisted an arrest for an offense, and that offense constitutes a felony as a matter of law, the circuit court's judgment is affirmed.

_____
W. Brent Powell, Judge

Wilson, Russell, Breckenridge, Stith, and Fischer, JJ., concur;
Draper, C.J., concurs in result only in separate opinion filed.



# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,                )
                             )
           Respondent,      )
                             )
v.                           )      No. SC97605
                             )
CHARLES C. SHAW III,       )
                             )
           Appellant.       )

## OPINION CONCURRING IN RESULT ONLY

While I agree the circuit court's judgment should be affirmed, I write separately because I disagree with the principal opinion's analysis. The principal opinion states, to be found guilty of felony resisting arrest, a defendant need only be arrested and charged with a subsequent felony. However, in its attempt to simplify the analysis, however, the principal opinion ignores the necessary nexus between the arrest and the felony offense. This simplification of the analysis divorces the statutory language from reality.

The offense of resisting arrest occurs when a person "knowing that a law enforcement officer is making an arrest, ... or the person reasonably should know that a law enforcement officer is making an arrest … for the purpose of preventing the officer from effecting the arrest … the person [r]esists the arrest … by using or threatening the use of violence or physical force …." Section 575.150.1(1). The offense of resisting an

arrest may be either a felony or a misdemeanor. Section 575.150.5.[1] The offense of resisting an arrest is a "felony for an arrest for a … [f]elony …." Section 575.150.5(1).

The principal opinion finds Shaw resisted an arrest for an offense and that offense was a felony. I agree. However, the principal opinion's further analysis veers impermissibly from the plain language of the statute.

"This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *State v. Ajak*, 543 S.W.3d 43, 52 (Mo. banc 2018) (Powell, J., dissenting) (quoting *State v. Johnson*, 524 S.W.3d 505, 510 (Mo. banc 2017)); *see also* section 1.090 ("Words and phrases shall be taken in their plain or ordinary and usual sense"). "This Court must presume every word, sentence or clause in a statute has effect, and the legislature did not insert superfluous language." *State v. Johnson*, 524 S.W.3d 505, 511 (Mo. banc 2017) (quoting *Bateman v. Rinehart*, 391 S.W.3d 441, 446 (Mo. banc 2013)). When the statutory language is clear, this Court applies only the plain meaning of the words. *Johnson*, 524 S.W.3d at 511.

Section 575.150.5(1) clearly states that for resisting arrest to be a felony, a person must be *arrested for a felony*. The statute links the arrest and the felony, which the principal opinion's analysis disregards. The statute does not state the person must be *charged with* or *convicted of* a felony.

---

[1] The resolution of this case may have limited applicability on future cases because of the legislature's changes to the statutory scheme, including defining members of law enforcement as "special victims." *See* section 565.002(14)(a), RSMo Supp. 2017.

2

I decline to insert words into a statute, thereby changing the clear legislative intent. Accordingly, to the extent the principal opinion relieves the state of its statutory burden to demonstrate a person was *arrested* for a felony, I disagree. Moreover, because I believe the arrest made must be for a felony, I find the principal opinion disregards the plain statutory language and needlessly overrules existing precedent. However, I concur in result only because I believe the circuit court's judgment should be affirmed in that the defendant in this case was arrested for a felony.

_____
GEORGE W. DRAPER III, JUDGE